■ SUSAN QUATTRONE, Appellant, v ANTHONY QUATTRONE, Respondent. [619 NYS2d 773] —In an action for divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Fitzer, J.H.O.), dated April 30, 1992, as, after a nonjury trial, is in favor of her and against the defendant in the principal sum of only $10,000 representing her interest in certain real property, and directed that, upon receipt of that sum, she execute a quit-claim deed to the parties' residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In November 1985, the parties, who were engaged to be married, purchased undeveloped real property in Dutchess County, taking title to the property as tenants in common. The defendant built a house on the property, and, in May 1986, the parties were married and moved into the house. In April 1989, the plaintiff moved out of the house and this action was subsequently commenced. Both parties agree that the real property was separate property purchased prior to marriage and not marital property subject to the equitable

distribution statute (see, Domestic Relations Law § 236 [B] [5] [b]).

A tenant in common has a right to maintain an action to partition real property (see, RPAPL 901 [1]; see, Ripp v Ripp, 38 AD2d 65, 67, affd 32 NY2d 755). The remedy of partition has always been subject to equitable considerations between the parties and, in a partition action between spouses, the matrimonial court is in the best position to evaluate these equitable considerations (see, Ripp v Ripp, 38 AD2d 65, 68-69, supra). In partitioning the property, the court should consider the separate contributions to acquisition and improvement of the property (see, Novak v Novak, 135 Misc 2d 909, 910). The evidence adduced at trial demonstrated that the defendant had worked on building the house seven days a week, 12 hours a day, for almost six months and that he did almost all of the work on the house. The court's determination that the plaintiff minimally contributed to the value of the property is supported by the evidence.

We have examined the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.