■ C. David Soule, Appellant-Respondent, v Kim M. Soule, Respondent-Appellant. [676 NYS2d 701] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered June 16, 1997 in Otsego County, upon a decision of the court.

Plaintiff and defendant were married in August 1983 and have two children, born in 1984 and 1990. Following the parties' separation in January 1995, plaintiff and defendant executed a written agreement providing, *inter alia*, that they would maintain separate residences and share joint custody of

the children.[1] Plaintiff thereafter commenced this action for divorce in October 1995 seeking, *inter alia*, equitable distribution of the parties' marital property. Defendant answered and counterclaimed for, among other things, custody of the parties' minor children.

At the conclusion of the bench trial that followed, Supreme Court awarded equitable distribution of the parties' marital property, which resulted in an award to defendant of $112,878 (consisting of $18,754 in assets already in her possession and a lump-sum award of $94,124). Additionally, Supreme Court ordered plaintiff to pay defendant $400 per week in maintenance until such time as defendant dies or remarries and awarded child support in the amount of $361 per week, with both payments retroactive to October 31, 1995.[2] In so doing, Supreme Court fixed plaintiff's maintenance and support arrears at $8,800 and $11,870, respectively, and also awarded defendant $3,000 in counsel fees.[3] These cross appeals by the parties ensued.

Initially, both plaintiff and defendant contend that Supreme Court erred with respect to its award of maintenance. Plaintiff, although not directly challenging the weekly sum awarded, contends that such maintenance should be of limited duration. Defendant, on the other hand, asserts that while a permanent award of maintenance is entirely appropriate, the weekly sum ordered by Supreme Court is inadequate to permit her to maintain her predivorce standard of living.

In our view, although the weekly sum fixed by Supreme Court is appropriate given, *inter alia*, the length of the marriage, the parties' respective incomes/earning capacities and the lifestyle that they enjoyed prior to their separation and divorce, we agree with plaintiff that permanent maintenance is not warranted under the circumstances present here. Even taking into consideration defendant's educational background (high school diploma) and prior employment experience (waitressing and tending bar), the record as a whole demonstrates that defendant has the capacity to become self-supporting.

---

1. The agreement expressly provided that it was not a separation agreement as defined by Domestic Relations Law § 170 (6) and, further, did not constitute a settlement of any claim for equitable distribution, maintenance or child support.

2. Although the judgment of divorce states that the child support obligation is retroactive to October 21, 1995, this appears to be a typographical error.

3. The judgment of divorce incorrectly lists the maintenance arrears as $11,870 and the child support arrears as $8,800.

At the time of trial, defendant was 37 years old and generally in good health. Although she admittedly is the mother of two young children, both her daughter (born in 1984) and her son (born in 1990) attend school and, hence, defendant is able to pursue employment and/or educational opportunities during those hours. Further, while defendant makes much of her limited employment history, she already has demonstrated her ability to be retrained, as evidenced by her obtaining certification as a personal trainer and securing employment as a teacher's aide. Thus, even crediting her testimony as to the limited employment opportunities presently available to her in the Village of Cooperstown, Otsego County, an award of maintenance of $400 per week for the next 10 years would provide defendant with both the time and the resources to pursue further education or retraining, thereby enabling her to, if necessary, ultimately seek employment elsewhere (cf., *Timperio v Timperio*, 232 AD2d 857, 860; *Hapeman v Hapeman*, 229 AD2d 807, 811). Accordingly, Supreme Court's judgment is modified to the extent that plaintiff is directed to pay defendant maintenance in the amount of $400 per week for the next 10 years, with said obligation terminating on June 16, 2008.[4]

The remaining issues raised by the parties do not warrant extended discussion. Although there does not appear to be any dispute as to the amount of maintenance and child support paid by plaintiff during the pendency of the matrimonial action (for which, the record reveals, plaintiff received an appropriate credit), plaintiff contends that he is entitled to an additional credit for providing defendant with rent-free housing during the relevant time period and for the added expenses he allegedly incurred relative to the children. We find this argument to be unpersuasive. Following the parties' separation, plaintiff and defendant each resided in what ultimately was determined to be a marital asset subject to equitable distribution; plaintiff remained in the marital residence while defendant moved into one of the apartments acquired by the parties during their marriage. Under such circumstances, we cannot say that

---

4. Our rationale for terminating plaintiff's maintenance obligation on this date—11 years from the date of entry of Supreme Court's judgment and approximately 10 years from now—is twofold. First, as noted previously, we are of the view that providing defendant with maintenance for the next 10 years affords her ample opportunity to pursue additional educational opportunities and to become self-supporting. Additionally, the termination of such maintenance in 2008 coincides with the youngest child's graduation from high school, at which point defendant could pursue employment opportunities outside her present community without uprooting her children or disrupting their education and the current custodial arrangement.

Supreme Court erred in failing to credit plaintiff for the alleged loss of rental income. As for plaintiff's assertion that he is entitled to an additional credit for certain sums allegedly expended on behalf of the minor children, the record does not substantiate plaintiff's claimed expenditures, and defendant's failure to expressly contest certain of the sums allegedly paid does not excuse plaintiff's failure of proof in this regard.

Turning to defendant's cross appeal, we reject defendant's contention that the amount of counsel fees awarded ($3,000) was inadequate. In view of the counsel fees previously paid by plaintiff, and taking into consideration defendant's distributive award ($94,124), together with the arrears awarded ($20,670) and maintenance due defendant ($400 per week for the next 10 years), we find that defendant is possessed of sufficient liquid assets to pay the remainder of her counsel fees.

Equally unavailing is defendant's contention that Supreme Court erred in valuing plaintiff's stock options as of the date of the commencement of the matrimonial action. Although the rule is not absolute, it has been held that: "Assets that are passive, that is, whose values are affected by outside influences such as inflation or market forces, should generally be valued as closely as possible to the date of trial so as to avoid a windfall to the titled spouse and injustice to the other if the asset has increased in value * * * On the other hand, assets whose values are affected by the active participation of the titled spouse should generally be valued as of the commencement of the action to reward that party's postcommencement efforts, to which the nontitled spouse did not contribute, either directly or indirectly" (*Heine v Heine,* 176 AD2d 77, 87, *lv denied* 80 NY2d 753 [citations omitted]). As the record here reflects that the stock option appreciated in value after the commencement of this action and as the direct result of plaintiff's efforts, we find that Supreme Court did not err in valuing this "active" asset as of the commencement of this action, at which point, defendant concedes, the stock options had no significant value. Defendant's remaining contentions, including her assertion that Supreme Court erred in failing to award her a share of the country club membership, have been mined and found to be lacking in merit.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as directed that plaintiff pay defendant maintenance in the amount of $400 per week until defendant's death or remarriage; plaintiff is directed to pay defendant $400 per week for the next 10

years (terminating on June 16, 2008), or until defendant's death or remarriage if either event occurs earlier; and, as so modified, affirmed.