■ WILLIAM C. JUDSON, Appellant, v PAMELA J. JUDSON, Respondent. [679 NYS2d 465] —Spain, J. Appeal from a judgment of the Supreme Court (Ingraham, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered November 14, 1997 in Otsego County, upon a decision of the court.

The parties were married in 1982 and have no children. In November 1994 plaintiff commenced this action for divorce based upon defendant's alleged abandonment; defendant answered and counterclaimed for divorce based upon plaintiff's alleged cruel and inhuman behavior. The parties eventually stipulated that plaintiff would proceed to obtain a divorce on grounds set forth in his complaint and defendant would withdraw her answer and counterclaim. Thereafter, Supreme Court held a nonjury trial on the issues of equitable distribution and maintenance. The record reveals that at the time of the marriage plaintiff was earning approximately $16,000 per year and had certificates of deposit (hereinafter CDs) totaling approximately $70,000 and an individual retirement account (hereinafter IRA) in the amount of $15,000. During the marriage defendant worked alongside plaintiff stocking vending machines but received limited financial compensation.

The record further reveals that following the marriage, plaintiff contributed $26,000 of his separate funds to purchase the marital residence; the amount included the purchase of a trailer and lot and the costs of improvements to the land. During the marriage plaintiff transferred the majority of his remaining separate assets into various joint accounts. Plaintiff testified that he transferred his assets into joint accounts in order to ensure that his wife would be taken care of in the event of his death and in order to take advantage of the tax benefits.

---

Following trial, Supreme Court determined that the marital estate, including the marital residence, was worth $174,500 and awarded plaintiff 60% ($104,700) and defendant 40% ($69,800). The court also deemed a savings account held jointly by plaintiff and his mother and a trailer purchased by plaintiff located in Pennsylvania to be plaintiff's separate property. Finally, Supreme Court ordered plaintiff to pay maintenance to defendant for three years in the amount of $80 per month. Plaintiff appeals.

Initially, although Supreme Court properly determined the marital residence to be marital property, inasmuch as it was purchased after the marriage (*see*, Domestic Relations Law § 236 [B] [1] [c]), the evidence in the record supports the conclusion that plaintiff contributed $26,000 of his separate funds toward the creation of this marital asset and is therefore entitled to a credit in that amount (*see, Maczek v Maczek*, 248 AD2d 835; *Ramsey v Ramsey*, 226 AD2d 989; *Zurner v Zurner*, 213 AD2d 906, *lv denied* 87 NY2d 802).

We do, however, reject plaintiff's contention that Supreme Court erred in determining that the savings accounts, IRAs and CDs were marital property. Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property (*see, McSparron v McSparron*, 190 AD2d 74, 77). The term "marital property" is to be broadly construed while the phrase "separate property" is to be narrowly construed (*see, Price v Price*, 69 NY2d 8, 15). Significantly, once separate property is commingled with marital funds it becomes marital property (*see, Carney v Carney*, 202 AD2d 907, 908).

Here, the record amply supports Supreme Court's conclusion that plaintiff's actions clearly indicated his intention to convert his separate property into marital property. Following the marriage, plaintiff opened numerous bank accounts, CDs and IRAs, many in joint names. Plaintiff's assertion that the moneys contained in various accounts should be considered separate property and not marital property, because he never intended to create joint marital accounts, is belied by the record. By his own admission plaintiff commingled separate assets with marital assets, thereby transforming them into marital property (*see, Glazer v Glazer*, 190 AD2d 951, 953; *Di Nardo v Di Nardo*, 144 AD2d 906, 907). Further, the evidence also showed that during the duration of the marriage, between one half and three quarters of the money earned from the vending business was placed in savings accounts, IRAs and CDs. Plaintiff failed

to provide documentation of how the funds were transferred from one account to the next or provide proof that defendant did not contribute substantially to the funds invested through her sweat equity in the vending business.

Next, we conclude that Supreme Court did not err in granting defendant maintenance. The record reveals that defendant had no history of employment during the marriage other than working alongside plaintiff where she received limited compensation, has a history of medical problems and will require counseling and job training in order to become self-supporting. In our view, a maintenance award of $80 per month for a three-year period following the divorce was well within Supreme Court's discretion based upon the employability of the parties and the health concerns of defendant (*see, McSparron v McSparron, supra*).

Finally, we note that although plaintiff contends that Supreme Court erred by awarding defendant counsel fees, the record is devoid of any such award. Therefore, this issue is not reviewable (*see, Ughetta v Barile*, 210 AD2d 562, 563, *lv denied* 85 NY2d 805).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by crediting plaintiff for his separate contribution toward establishing the marital residence in the amount of $26,000, and, as so modified, affirmed.