■ SHIRLEY A. CAMPBELL, Respondent-Appellant, v DAVID A. CAMPBELL, Appellant-Respondent. [720 NYS2d 628] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Kavanagh, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 26, 2000 in Ulster County.

The parties were married on April 20, 1991. They have one child, a son born in 1992. At the time of the parties' marriage, they were both working in New York City. Defendant's employment was subsequently transferred to Connecticut, requiring a roundtrip commute of 300 miles. Ultimately, defendant obtained other employment in Florida and left New York in February 1995, anticipating that plaintiff and the child would be making arrangements to move to Florida as well. Although plaintiff quit her $24,000 per year job to facilitate travel to Florida, she never did move. In early 1997, defendant commenced an action in Florida for dissolution of his marriage to plaintiff and plaintiff thereafter commenced a divorce action in New York. In June 1998, the Florida court rendered a final judgment dissolving the marriage between the parties, and issues of child custody and support were subsequently resolved by Family Court. The remaining issues of equitable distribution and maintenance were determined by Supreme Court, which, as relevant to this appeal, awarded plaintiff $55,150 as her 50% share of the marital portion of defendant's retirement account at Morgan Stanley, Dean Witter, maintenance of $500 per month for a total of 51 months and counsel fees of $13,243. Defendant appeals, and plaintiff cross-appeals with regard to Supreme Court's award of counsel fees.

We affirm. Initially, we conclude that Supreme Court did not abuse its discretion in computing the marital portion of defendant's retirement account and in awarding plaintiff 50% thereof. Defendant's entire analysis on this point is predicated upon the erroneous premise that Supreme Court should have valued the retirement account as of February 1995, when defendant terminated his Connecticut employment and rolled over his 401k account into the Morgan Stanley, Dean Witter account. In fact, the parties' marriage continued for several years beyond that date, and the law is well settled that "pension rights earned during a marriage and prior to the commencement of a matrimonial action are marital property subject to equitable distribution" (*Matwijczuk v Matwijczuk*, 261 AD2d 784, 787; *see, Majauskas v Majauskas*, 61 NY2d 481, 490; *Church v Church*, 169 AD2d 851). In addition, where, as in this case, increases to a pension are passive, i.e., affected by outside market influences rather than the actions of the titled spouse, the pension should as a general rule be valued as closely as possible to the date of trial (*see, Soule v Soule*, 252 AD2d 768, 771; *Heine v Heine*, 176 AD2d 77, 87, *lv denied* 80 NY2d 753), which is just what Supreme Court did.

Next, we are unpersuaded by the challenges to Supreme

Court's awards of maintenance and counsel fees. In our view, plaintiff's refusal to move to Florida did not constitute egregious marital fault justifying the diminution or elimination of maintenance (*see, Kazim v Kazim*, 265 AD2d 636, 638; *Stevens v Stevens*, 107 AD2d 987, 988). Further, a review of Supreme Court's written decision indicates its awareness and appropriate consideration of the parties' relative financial situations, and it acted within its broad discretion in fashioning an appropriate award of maintenance and counsel fees.

Finally, we reject defendant's challenges to certain of Supreme Court's evidentiary rulings. Based upon our review of the record, we conclude that Supreme Court gave defendant an adequate opportunity to present evidence on the issues of plaintiff's marital fault, the level of child support that defendant was paying, and plaintiff's available financial resources. The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.