■ JEANNE L. EPPS, Appellant-Respondent, v LAUREN L. EPPS, Respondent-Appellant. [773 NYS2d 478]—

Crew III, J.P. Cross appeals from an order of the Supreme Court (Coccoma, J.), entered October 25, 2002 in Otsego County, which, inter alia, denied plaintiff's application for counsel fees.

Pursuant to the parties' October 2000 stipulation of settlement, which was incorporated but not merged in their resulting judgment of divorce, defendant agreed to pay plaintiff weekly maintenance until such time as defendant "fully retires and [plaintiff] is eligible to collect . . . [defendant's] pension . . . and [plaintiff] is eligible for Social Security [b]enefits on [defendant's] account." Defendant thereafter accepted an early retirement incentive from his employer and, as a result, plaintiff received approximately $245,000 in lump-sum distributions from defendant's pension and 401 (k) plan. When defendant ceased making weekly maintenance payments in June 2002, plaintiff moved by order to show cause to enforce the stipulation of settlement and compel defendant to resume the required payments. Included in plaintiff's application was a request for counsel fees. Supreme Court subsequently directed defendant to resume making maintenance payments in accordance with the terms of the parties' stipulation and denied plaintiff's request for counsel fees. These appeals by the parties ensued.

We affirm. Where, as here, a party seeks to modify the terms of a separation agreement or stipulation of settlement that is incorporated but not merged into a judgment of divorce, such party must demonstrate that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change in circumstances has occurred (see Houle v Houle, 304 AD2d 992, 993 [2003]), which, in turn, results in extreme financial hardship (see Hewlett v Hewlett, 243 AD2d 964, 966 [1997], lvs dismissed 91 NY2d 887 [1998], 95 NY2d 778 [2000]). This defendant failed to do. Not only is the record devoid of any evidence of extreme financial hardship, but the language obligating defendant to pay maintenance until such time as plaintiff is able to collect on defendant's pension and is

eligible for benefits on defendant's Social Security account is clear. Indeed, the record reflects that this particular language was added to the agreement at plaintiff's request and that defendant initialed and agreed to the provisions thereof. In short, whatever defects or infirmities defendant now perceives were apparent on the face of the agreement when he executed it, and the mere fact that defendant may have made a bad bargain, does not excuse his performance.

As to plaintiff's request for counsel fees, it is unclear from the record which provision(s) of the Domestic Relations Law plaintiff initially sought to invoke as a basis for such award. The record does, however, reflect that plaintiff failed to substantiate her present claim that defendant's failure to tender the maintenance payments at issue was willful and, hence, she is not automatically entitled to counsel fees under Domestic Relations Law § 237 (c) (*see Markhoff v Markhoff*, 225 AD2d 1000, 1002 [1996], *lv denied* 88 NY2d 807 [1996]). Thus, the issue of counsel fees was committed to Supreme Court's sound discretion and, given plaintiff's failure to provide any documentation in support of the requested award, we cannot say that Supreme Court abused its discretion in denying plaintiff's application on that basis (*see id.*).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.