■ GWEN CHERNOFF, Respondent, v MICHAEL S. CHERNOFF, Appellant. [821 NYS2d 276]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Peckham, J.), entered November 30, 2005 in Delaware County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

In this action for divorce, issues of counsel fees, fault and custody of the child were settled by stipulation. As to the remaining issues, Supreme Court denied spousal maintenance to plaintiff, awarded child support to plaintiff and decided issues of equitable distribution. Defendant appeals, claiming that Supreme Court miscalculated his child support obligation and that, with respect to equitable distribution, Supreme Court erred both by classifying and distributing some of his separate property as marital property and by refusing to properly credit him for his separate property contributions to the acquisition of marital assets.

First, as to the issue of child support, we agree that Supreme Court miscalculated it, but not because, as defendant asserts, his income was miscalculated. Supreme Court determined defendant's income for child support purposes to be $86,304, but in consideration of the standard of living of the child during the marriage and because defendant's income will "be considerably reduced by the equitable distribution award," it limited child support to 17% of the first $80,000 of defendant's income. By doing so, Supreme Court ignored the statutory three-step process of (1) determining combined parental income, (2) multiplying the first $80,000 by 17% and allocating the result between the parents according to their respective shares of the total income, and (3) determining the amount of child support payable on the combined parental income above $80,000 by applying the statutory factors (see Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; see also Domestic Relations Law § 240 [1-b]).

Here, the parties were both self-employed as real estate salespeople and, without regard to whether any portion of their self-employment deductions should be added back to income (see Domestic Relations Law § 240 [1-b] [b] [5] [vi] [B]), their tax return otherwise reveals that they had combined parental

income for child support purposes of at least $118,508. The statute requires the trial court to determine the amount of support on the combined income above $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]) by application of the subparagraph (f) factors "and/or the child support percentage." As the record is incomplete as to these factors and Supreme Court erroneously limited the child support calculation to the first $80,000 of defendant's income, intelligent appellate review of this issue is not possible and we must remit for recalculation of child support. Remittal is further required because we find it necessary to reverse some of Supreme Court's equitable distribution determinations which it found would reduce defendant's future income.

Insofar as defendant's separate property claims are concerned, the following facts are not disputed: defendant entered this 19-year marriage owning, among other things, his residence on Long Island, three rental properties (Lazy Cow, Long Beach and a parking lot) and stocks inherited from his mother; the stocks and the Lazy Cow property are still titled in defendant's name (Supreme Court awarded them to defendant as his separate property); defendant sold the parking lot approximately six to eight years prior to the divorce action and received $150,000, which he invested in four mortgages in his own name (Wegman—$18,000; Cheryl—$30,000; McCarthy—$95,000, and Chaplick—$80,000); the Long Beach building was sold shortly after the divorce action was commenced and defendant received $200,000 which netted him a $160,000 increase over his 1979 $40,000 investment in this property; and, finally, defendant has deposited income received from these assets in four bank accounts, in his name alone, from which accounts he has frequently withdrawn funds that were then commingled with plaintiff's funds in a bank account from which the parties paid their expenses. Supreme Court held that because the income from these assets had been commingled and because plaintiff had contributed services as a wife and homemaker and defendant produced no paper trail for the $73,000 sum by which the mortgages exceeded the $150,000 sale price of the parking lot, these increases in value ($73,000 and $160,000) represented marital property and awarded plaintiff 50% of the four mortgages and 50% of the four bank accounts (total to plaintiff—$119,025.34). We find this award to be erroneous for three reasons.

First, property acquired before marriage remains separate (*see* Domestic Relations Law § 236 [B] [1] [d] [1]) and property acquired in exchange for said property, even if the exchange oc-

curs during marriage, is separate property (see Domestic Relations Law § 236 [B] [1] [d] [3]). To be sure, commingling the corpus with marital funds transmutes the separate property into marital property for purposes of equitable distribution (see *Judson v Judson*, 255 AD2d 656, 657 [1998]), but commingling only a portion of the income produced by the corpus does not transmute the corpus which has never been commingled.

Second, the lack of a paper trail concerning the source of the funds invested in the four mortgages is not, alone, fatal to defendant's claim (see *Zanger v Zanger*, 1 AD3d 865, 867 [2003]). Moreover, unlike the plaintiff in *Cassara v Cassara* (1 AD3d 817, 819 [2003]), defendant, here, documented his claim that the proceeds from the sale of the parking lot were invested in the mortgages in his own name alone. Moreover, it is telling that the evidence shows no source other than defendant's separate property for these investments and plaintiff acknowledged this property to be defendant's separate property.

Third, "[w]hen a nontitled spouse's claim to appreciation in the other spouse's separate property is predicated solely on the nontitled spouse's indirect contributions, some nexus between the titled spouse's active efforts and the appreciation in the separate asset is required" (*Hartog v Hartog*, 85 NY2d 36, 46 [1995]). Here, there is not a scintilla of evidence that the increase in value of defendant's property was due to any effort on his part or to anything other than passive market forces. Plaintiff, as the nontitled spouse, bore the burden of proof on this issue (see *Golub v Ganz*, 22 AD3d 919, 922-923 [2005]).

Lastly, there are two main items of marital property, the marital residence and an apartment house that the parties owned through their corporation (Wachern Corporation). The marital residence was acquired by the parties, as tenants in common, prior to the marriage. Each contributed separate funds to the purchase and defendant contributed additional separate funds to pay off the purchase money mortgage (a total of $46,000). In addition, defendant contributed $25,000 of separate funds to the purchase of the apartment house. Supreme Court found that defendant made a gift of these funds to plaintiff and denied him a separate property credit. We disagree and find that the record supports defendant receiving a credit in those amounts in the equitable distribution of these assets (see *Judson v Judson, supra* at 657).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) awarded child support, (2) denied separate property credits to defendant of $46,000 against

the marital residence and $25,000 against the apartment house, and (3) awarded plaintiff a $119,025.34 share in defendant's mortgages and the related bank accounts; matter remitted to the Supreme Court for recomputation of child support and equitable distribution not inconsistent with this Court's decision; and, as so modified, affirmed.