■ GREGORY ARNONE, Respondent, v MICHELE ARNONE, Appellant. [828 NYS2d 677]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered September 8, 2005 in Columbia County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties married in 1980 and they have two children, born in 1982 and 1985. This divorce action was commenced in 1997, but was not actively pursued until 2000 when an attempted reconciliation disintegrated. For several years prior to the 2003 trial, the children resided with plaintiff, who provided their financial support. At the commencement of the trial, defendant withdrew her answer allowing plaintiff a divorce on the ground of abandonment and the proof proceeded regarding equitable distribution.

Following several days of testimony stretching over 14 months and much conflicting evidence, Supreme Court determined, among other things, that the marital property consisted of the parties' residence, the various personal property located there, a 1982 Camaro, and a portion of plaintiff's state retirement benefit. The court distributed to defendant the residence (valued at $172,000), all personal property at the residence (except a few specifically named items), and the Camaro. Plaintiff was permitted to keep his state pension of about $13,000 per year. Supreme Court directed that defendant would keep her pension; however, she had none. Various bank accounts were determined to be separate property and thus not subject to equitable distribution. The court terminated temporary maintenance as of the date of the judgment of divorce, to wit, August 30, 2005, and awarded no further maintenance. Defendant's request for counsel fees was denied. Plaintiff remained solely financially responsible for the one child who was not yet emancipated. Defendant appeals.

Defendant argues that Supreme Court erred in its distribution of the assets of the marriage. As a general principle, " '[c]ourts are not mandated to distribute marital property on an equal basis; rather, marital property is distributed in light of the needs and circumstances of the parties' " (*Brzuszkiewicz v Brzuszkiewicz*, 28 AD3d 860, 861 [2006], quoting *Strang v Strang*, 222 AD2d 975, 977 [1995]). "Equitable distribution issues are resolved by the exercise of the court's sound discretion, guided by consideration of the statutory factor" (*Lincourt v Lincourt*, 4 AD3d 666, 666 [2004] [citations omitted]; *see Ruzicka v Ruzicka*, 31 AD3d 862, 863 [2006]).

Defendant's initial contention regarding Supreme Court's disposition of property focuses upon certain bank accounts, a promissory note from 1976 and various items of personal property at the residence. Supreme Court found the disputed bank accounts to be separate property. While conflicting and sometimes confusing evidence was presented regarding the bank accounts, we find sufficient evidence in the record to uphold the determination that these funds represented separate property from sources such as inherited property, gifts and disability payments. It is unfortunate to note that, in any event, these funds have been significantly depleted for counsel fees during the course of this contentious and protracted divorce. Although in 1976 plaintiff signed a promissory note payable to defendant for $7,500 (representing one half the down payment on the home that they purchased together four years before the marriage), there was ample proof that any obligation thereunder was fully extinguished long before this divorce action was commenced. As to defendant's assertion that Supreme Court failed to address many items of personal property at the residence (such as farm equipment), we read the court's decision as awarding all such items to defendant. Plaintiff was to receive only items specifically named as exempted from defendant's award of the residence, and none of these items was specifically exempted. Indeed, in an affidavit responding to defendant's statement of proposed disposition of the property, plaintiff indicated that he was relinquishing any claim to such property.

Next, we address Supreme Court's decision not to award defendant any portion of plaintiff's state pension notwithstanding plaintiff's request in his statement of proposed disposition following trial that "the Court direct that plaintiff's interest in [his retirement] be divided pursuant to . . . *Majauskas v Majauskas*, implemented by a Qualified Domestic Relations Order." "Although pension rights earned during a marriage and prior to the commencement of a matrimonial action are marital

property subject to equitable distribution, the distribution of the asset is based upon considerations of fairness and the respective situations of the parties" (*Redgrave v Redgrave*, 13 AD3d 1015, 1016 [2004] [internal quotation marks and citations omitted]). The parties were married the entire time that plaintiff was employed full time with the state. He was injured on that job and later received a state retirement benefit. This injury, and injuries he received while serving with the United States Marines in Vietnam, left him totally disabled. He received about $58,000 per year from the combination of Veteran's disability, Social Security disability and workers' compensation. Defendant made no claim as to these payments, which compensated plaintiff for his personal injuries. During the marriage, defendant held only part-time jobs, her annual earnings did not exceed $12,000, she was not working at the time of the trial, and her medical coverage ceased with the divorce. Defendant was the primary caretaker of the children when they were young, and plaintiff assumed those obligations in their late teenage years, including all support and college expenses. Defendant suffered some infirmities and had unsuccessfully attempted to obtain Social Security disability benefits, but Supreme Court was not convinced that her condition prevented her from working. The court held that her probable financial condition would improve following the divorce and plaintiff's financial condition would remain unchanged. At the time of trial, plaintiff was 56 years old and defendant was 53. Under the circumstances presented, we find that defendant should receive a portion of plaintiff's modest state pension. Plaintiff's state pension as reflected in the documents received in evidence was $13,326 per year in 2002. In light of all of the facts of this case, we find that defendant is entitled to a 50% share of plaintiff's state pension.

We find unpersuasive the argument that Supreme Court erred in not awarding maintenance, a determination that "rests soundly within the court's discretion" (*Holmes v Holmes*, 25 AD3d 931, 932 [2006]). Although defendant had a limited work history, she obtained a college degree while married. Significantly, during the several years prior to the divorce when the marriage was deteriorating (and when she assumed no obligation to provide housing or support to the children and was receiving temporary maintenance in the amount of $1,000 per month from August 8, 2001 until that order was terminated on August 30, 2005), she made no apparent effort to transition back into the work force. Defendant relies on her alleged infirmities as a reason for her lack of initiative in seeking employment. Supreme Court, however, rejected this excuse and

we discern no reason to disregard the court's credibility determination. Contrary to defendant's contention, the statutory factors were sufficiently addressed by Supreme Court.

Finally, we find no abuse of discretion in Supreme Court's decision not to award defendant counsel fees (*see generally Epps v Epps*, 5 AD3d 903, 905 [2004]; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 540 [1999], *lv denied* 94 NY2d 754 [1999]; *Pejo v Pejo*, 213 AD2d 918, 919 [1995], *lv denied* 85 NY2d 811 [1995]). The remaining arguments have been considered and found unavailing.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by awarding defendant a 50% share of plaintiff's state pension; matter remitted to the Supreme Court for submission of a qualified domestic relations order; and, as so modified, affirmed.