■ MARY B. HOMKEY-HAWKINS, Respondent, v THOMAS S. HAWKINS, Appellant. [839 NYS2d 849]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Breen, J.), entered June 21, 2006 in Warren County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

In the context of the instant divorce action commenced in November 2004, the parties settled all issues but the equitable distribution of two contiguous parcels of property titled in both of their names and the issue of counsel fees. The two properties consisted of an 8.5-acre parcel on which the marital residence was constructed and over 16 acres on an adjoining vacant lot. Following a trial on these contested issues, Supreme Court valued the subject parcels by adopting appraisals prepared closer in time to the October 2005 trial,* determined that each parcel was marital property with the equity to be divided equally (subject to a $17,000 credit for defendant's use of separate property to purchase one of the lots) and awarded plaintiff approximately $15,590 in counsel fees. Defendant appeals.

Defendant claims that Supreme Court erred in utilizing the updated appraisals to value the subject properties (*see* n, *supra*) and in failing to credit him with his expenditure of premarital funds to construct the marital residence. We are unpersuaded with both arguments. The increase in the value of the two properties between April 2004 and May 2005 was due solely to market forces. Under these circumstances, Supreme Court did not abuse its discretion in finding the later date to be the appropri-

* Plaintiff had two sets of appraisals prepared. The first was prepared in April 2004 (i.e., six months before this action was commenced) and valued the lot containing the marital residence at $215,000 and the vacant lot at $45,000. Appraisals prepared in May 2005 valued these parcels at $310,000 and $67,000, respectively.

ate valuation date (*see Patelunas v Patelunas*, 139 AD2d 883, 884-885 [1988]; *see generally Campbell v Campbell*, 280 AD2d 837, 838 [2001]; *Soule v Soule*, 252 AD2d 768, 771 [1998]).

Next, defendant failed to met his burden of demonstrating that he is entitled to a separate property credit for funds expended to construct the marital residence. After the parties married, defendant placed plaintiff's name on his checking account and the two thereafter maintained one such joint account of which plaintiff was the primary custodian, writing most of the checks and ensuring that it was balanced. The parties pooled all of their money and earnings into this joint account, including defendant's separate savings, to pay all expenses, including those associated with the construction of their new home. It is well settled that the transfer of separate property into a joint account raises a presumption that the funds are marital property (*see* Banking Law § 675 [b]; *Chernoff v Chernoff*, 31 AD3d 900, 903 [2006]; *Kay v Kay*, 302 AD2d 711, 713 [2003]; *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]; *Judson v Judson*, 255 AD2d 656, 657 [1998]). Here, defendant failed to overcome this presumption by demonstrating by clear and convincing proof that the joint account was established for convenience only (*see Kay v Kay, supra*; *Rosenkranse v Rosenkranse, supra*; *Judson v Judson, supra*; *Ciaffone v Ciaffone*, 228 AD2d 949, 951 [1996]). To the contrary, his testimony made clear that he considered his marriage to be a lifelong commitment and he never even considered separating his premarital funds. Thus, Supreme Court properly determined that all funds so commingled were marital funds and that defendant was not entitled to a separate property credit for same.

Nor are we persuaded that defendant is entitled to a greater share of the equity in the property on which the marital residence is situated owing to his sweat equity in constructing it. There is no dispute that defendant, who earns a living as a construction manager, spent most of his free time during one particular year working on the residence and/or managing the work that he subcontracted on it. Plaintiff, who also worked outside the home, was therefore left with all child-rearing responsibilities for their young son and all daily and weekly household chores necessary to maintain their existing home (*compare Quattrone v Quattrone*, 210 AD2d 306, 307 [1994]). Under these circumstances, we find no abuse of discretion in Supreme Court's decision to equally divide the equity in this property (*see* Domestic Relations Law § 236 [B] [5] [d]; *compare Dougherty v Dougherty*, 256 AD2d 714, 715 [1998]; *Quattrone v Quattrone, supra*; *Ciaffone v Ciaffone, supra*).

We are unpersuaded by defendant's remaining contentions, including the claim that the counsel fee award should be vacated.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.