■ David Schwalb, Respondent, v Eustacia Schwalb, Appellant. [854 NYS2d 802]—

Stein, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered August 21, 2006 in Sullivan County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1992. During their 12-year marriage, the parties did not have children. Plaintiff was licensed to practice medicine in 1990 and certified to practice internal medicine in 1991. Defendant obtained a Master's degree in fine arts in 1991. After living together in New York City, the parties purchased a home in Sullivan County in 1991 because plaintiff was raised there and wished to return. Plaintiff was already employed by Liberty Medical Group, a medical practice owned by his father and Donald Roth.

From 1992 to 1995, defendant worked in New York City three days a week and from the parties' Sullivan County home two days a week. In 1995, defendant left her position in New York City so that she could pursue her fine arts career and so that she and plaintiff could start a family. From 1995 on, defendant worked intermittently as an independent contractor, charging $50 per hour for her services. In 2005, defendant earned a degree in landscape design and started her own landscaping business.

Plaintiff became an employee of Mary Imogene Bassett Hospital in 1995, when Liberty Medical Group was sold to that entity. In 2001, plaintiff and Roth purchased the practice from the hospital and immediately resold it to Catskill Regional Medical Center. Plaintiff's portion of the proceeds of sale were placed in the parties' joint A.G. Edwards & Sons, Inc. account. Shortly thereafter, plaintiff and Roth formed Addenbrooke, LLC, with equal ownership, for the purpose of purchasing the building in which they were practicing. Addenbrooke purchased the building in August 2001 for $125,000 using a bridge loan. Addenbrooke

then took out a $450,000 mortgage in order to pay off the bridge loan and make repairs to the building. When interest rates declined, Addenbrook refinanced the property with a $500,000 mortgage, which was used, in part, to pay off the $450,000 mortgage. After completion of the repairs, $260,000 remained from the mortgage proceeds; plaintiff deposited his half ($130,000) in the parties' joint A.G. Edwards account, which was valued at approximately $179,000[1] at the time of trial.

Plaintiff commenced this action for divorce in September 2004. At or about that time, each party removed $20,000 from the A.G. Edwards account, apparently in order to provide funds for the payment of counsel fees, among other things. By agreement, plaintiff paid maintenance to defendant in the amount of $3,250 per month from October 2004 through March 2005. He also paid the tuition for defendant's studies in landscape design and the rent on the New York City apartment, which the parties had maintained. From April 2005 through July 2006, plaintiff paid maintenance to defendant in the reduced amount of $2,250 per month.

After a trial in January 2006, Supreme Court rendered a judgment of divorce which, among other things, awarded defendant exclusive use and occupancy of the New York City apartment and terminated plaintiff's obligation to pay maintenance. Supreme Court also awarded ownership of all of the parties' jointly owned real property to plaintiff and awarded defendant a distributive award of $224,250 for her half of the value of that property, in addition to approximately $95,000, representing one half of the value of certain deferred compensation accounts. Defendant was awarded only 10% of the value of plaintiff's interest in Addenbrooke and nothing for the value of the A.G. Edwards account. Defendant now appeals.

Supreme Court did not abuse its discretion with regard to the distribution of the value of Addenbrooke. Equitable distribution does not necessarily require an equal division of marital property (*see Arnone v Arnone*, 36 AD3d 1170, 1172 [2007]). The testimony demonstrated that defendant had little to do with the acquisition, maintenance or increase in value of the property owned by Addenbrooke. Moreover, Supreme Court properly valued Addenbrooke as of the date of commencement of the matrimonial action based on its classification as an active asset, rather than a passive one (*see Grunfeld v Grunfeld*, 94 NY2d 696, 707 [2000]; *Homkey-Hawkins v Hawkins*, 42 AD3d 725, 726-727 [2007]). Similarly, while there is no proof in the record

1. It is not clear from the record how that value was determined. However, it does not appear that either party is in disagreement therewith.

of any specific benefit to plaintiff in his retaining ownership of the Livingston Manor property, whereas there was some evidence of a possible economic benefit to defendant if she were to retain ownership, Supreme Court's distribution of such property was not a clear abuse of discretion and, therefore, it will not be disturbed (*see Spilman-Conklin v Conklin*, 11 AD3d 798, 802 [2004]).

However, we agree with defendant's contention that Supreme Court erred in its failure to distribute any of the A.G. Edwards account to her. "It is well settled that the transfer of separate property into a joint account raises a presumption that the funds are marital property" (*Homkey-Hawkins v Hawkins*, 42 AD3d at 727 [citations omitted]; *see* Banking Law § 675 [b]). Here, plaintiff "failed to overcome this presumption by demonstrating . . . that the joint account was established for convenience only" (*Homkey-Hawkins v Hawkins*, 42 AD3d at 727; *see Kay v Kay*, 302 AD2d 711, 713 [2003]). To the contrary, plaintiff testified that marital expenses were paid from the joint account and that both parties deposited their earnings into the account. Thus, the commingling of the $40,000, representing the proceeds from the sale of plaintiff's premarital stock, into the joint A.G. Edwards account transmuted those funds into marital property (*see Chernoff v Chernoff*, 31 AD3d 900, 903 [2006]; *Judson v Judson*, 255 AD2d 656, 657 [1998]). Insofar as the funds in the A.G. Edwards account represent proceeds from the purchase and sale of the medical practice, those funds are clearly marital. Therefore, it was not necessary for defendant to specifically demonstrate her involvement in those transactions in order to support an entitlement to equitable distribution of the account in which those proceeds were deposited.

To the extent that plaintiff argues that the parties' marital property should be divided roughly in proportion to their earnings throughout the marriage, we disagree (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]). Here, the limited record indicates that, while plaintiff may not have been completely happy with defendant's employment decisions, he acquiesced in those decisions. Furthermore, defendant has established proof of her noneconomic contributions to the acquisition of marital property, generally. Overall, we find no basis for a substantial deviation from an equal division of the A.G. Edwards account (*see O'Brien v O'Brien*, 66 NY2d 576, 587-588 [1985]). Thus, de-

fendant is entitled to a distribution in the amount of $89,500 therefor.[2]

The determination of whether to award maintenance rests in the sound discretion of the trial court (see Arnone v Arnone, 36 AD3d at 1173; Holmes v Holmes, 25 AD3d 931, 932-933 [2006]). However, there must be some evidence in the record from which a proper evaluation of employability can be assessed (see Halaby v Halaby, 289 AD2d 657, 660 [2001]; Semans v Semans, 199 AD2d 790, 790-791 [1993], lv denied 83 NY2d 758 [1994]). Here, Supreme Court's reliance on plaintiff's vocational expert was improper, as the expert's report contained critical flaws, such as an assumption that defendant had experience in graphic design, rather than accurately reflecting her experience in graphic art. In addition, the report proposed work in management positions in the New York metropolitan area requiring numerous years of experience which defendant does not have. Defendant already obtained further education, for which plaintiff has paid, to improve her financial prospects. She elected to start her own business which, once developed, she anticipates will allow her to become self-supporting. Meanwhile, plaintiff continues to earn a substantial salary.

Based upon the duration of the marriage, the age and health of both parties, the income and property of the respective parties, the present and future earning capacity of both parties, defendant's ability to become self-supporting, the training she has already received and the duration of maintenance already paid during the pendency of the matrimonial action and the contributions made by defendant to plaintiff's career or career potential, we find that plaintiff should pay maintenance to defendant in the amount of $2,000 per month for a period of two years. Such an award "will better serve the primary goal of maintenance, which is to encourage rehabilitation and self-sufficiency to the extent possible, while still accounting for a large discrepancy in earning power between the parties" (Semans v Semans, 199 AD2d at 792).

Likewise, we find that Supreme Court's failure to award any counsel fees to defendant was an abuse of discretion (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Madori v Madori, 201 AD2d 859, 860 [1994]). There was no evidence presented that the services rendered were unnecessary or unreasonable. To the contrary, those services included negotiation for temporary maintenance, financial discovery and preparation for

---

2. We note that such award will result in defendant receiving approximately 40% of the combined value of all of the parties' marital property, a result which we find to be equitable under the circumstances.

trial, among other things, and no time was charged for travel from New York City. Considering the parties' respective financial circumstances, including the award of maintenance made herein, as well as the distribution of marital property, we find that an award of $15,000 to be paid by plaintiff to defendant's counsel is appropriate (*see O'Brien v O'Brien*, 66 NY2d at 590).

Peters, J.P., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant (1) equitable distribution of the A.G. Edwards & Sons, Inc. account, (2) counsel fees and (3) maintenance; award defendant $89,500 as her equitable share of the A.G. Edwards account, direct plaintiff to pay $15,000 for defendant's counsel fees and award defendant maintenance in the amount of $2,000 per month for two years or until her remarriage or cohabitation or the death of either party, whichever occurs first; and, as so modified, affirmed.

