■ James R. Albertalli, Respondent, v Rachel M. Albertalli, Appellant. [1 NYS3d 439]—

Rose, J. Appeal from an amended order of the Supreme Court (O'Shea, J.), entered May 31, 2012 in Chemung County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2005 and have two children, born in 2004 and 2007. After the husband commenced this action for divorce in 2011, the parties stipulated to the issues of grounds, custody and visitation, and a nonjury trial was held on equitable distribution and maintenance. The main asset to be distributed was the marital residence, purchased five months after the marriage. The proof at trial established that the husband contributed $33,000 of his separate property into a joint account created one month prior to the purchase of the residence. The parties then used $24,915 from the joint account as a down payment on the purchase price of $71,000 and mortgaged the balance. At the time of trial, the residence was encumbered by a remaining balance on the mortgage of approximately $45,000 and a home equity loan of approximately $6,500. The evidence at trial established that, in its current condition, the home would be listed for sale at $64,500 and expected to sell in the low $60,000 range. In distributing the residence, Supreme Court concluded that the funds used for the down payment were the separate property of the husband and granted him a credit for that amount. The court also directed that the home be listed for immediate sale. The wife appeals, challenging the credit and the immediate sale.*

Although the funds received by the husband as a gift from his grandfather prior to the marriage are considered separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]), they presumptively became marital property once he deposited them into a joint account (see Banking Law § 675 [b]; Schwalb v Schwalb, 50 AD3d 1206, 1209 [2008]; Homkey-Hawkins v Hawkins, 42 AD3d 725, 727 [2007]). In order to rebut the presumption that the funds became marital property, the husband was required to come forward with clear and convincing evidence that the joint account was created for convenience (see Murray v Murray, 101 AD3d 1320, 1321 [2012], lv dismissed 20 NY3d 1085 [2013]; Schwalb v Schwalb, 50 AD3d at 1209;

---

* The wife appealed from Supreme Court's amended order, instead of the judgment of divorce. Inasmuch as the judgment does not materially differ from the amended order, we will exercise our discretion to treat the appeal as taken from the final judgment (see CPLR 5520 [c]; Fosdick v Fosdick, 46 AD3d 1138, 1139 [2007]).

*Homkey-Hawkins v Hawkins*, 42 AD3d at 727). Supreme Court concluded that the funds remained separate property based on the timing of the deposit, the ability to clearly trace the source of the funds used for the down payment and the husband's testimony that the funds were placed in the joint account only because it was at the same bank from which the parties were obtaining the mortgage. Deferring to the court's credibility determination, we find no basis to disturb this conclusion (*see Whitaker v Case*, 122 AD3d 1015, 1017 [2014]). Having determined that the funds were separate, it was within Supreme Court's discretion to determine whether to credit the husband for the use of his separate property in acquiring the marital residence (*see Myers v Myers*, 119 AD3d 1114, 1116 [2014]; *Alecca v Alecca*, 111 AD3d 1127, 1128 [2013]; *Murray v Murray*, 101 AD3d at 1321). While "partial use of separate funds to acquire a marital asset does not mandate that a credit for separate funds be given" (*Vertucci v Vertucci*, 103 AD3d 999, 1003 [2013], citing *Fields v Fields*, 15 NY3d 158, 167 [2010]), we find no basis to disturb Supreme Court's exercise of its discretion here.

We do agree, however, with the wife's contention that Supreme Court erred in directing that the marital residence be listed for sale. Our case law reflects " 'a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds' " (*Nissen v Nissen*, 17 AD3d 819, 820 [2005], quoting *Nolan v Nolan*, 215 AD2d 795, 795 [1995]; *see* Domestic Relations Law § 236 [B] [5] [d] [3]; *Beach v Beach*, 158 AD2d 848, 849 [1990]). Proof at trial established that the parties' young children reside with the wife in the marital residence and, although she has the means to pay the mortgage, she is unable to refinance or purchase another residence. No evidence was adduced that the wife could obtain comparable housing at a lower cost or that either party is in immediate need to recoup their equitable share of the marital residence. Under these circumstances, we find that Supreme Court abused its discretion in directing that the marital residence should be listed for sale. Accordingly, the wife is entitled to exclusive possession of the residence until the youngest child reaches the age of 18 (*see Nissen v Nissen*, 17 AD3d at 820-821).

Peters, P.J., Egan Jr. and Lynch, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as directed that the marital residence be listed for sale; defendant is entitled to exclusive possession of

the marital residence until the parties' youngest child reaches 18 years of age; and, as so modified, affirmed.