*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    519833
_____

KAREN BUCHANAN,
                    Respondent,

            v                                   MEMORANDUM AND ORDER

JAMES BUCHANAN,
                    Appellant.
_____

Calendar Date:   September 17, 2015

Before:   Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        Robert A. Groff Jr., Horseheads, for appellant.

        Kevin P. Flynn, Elmira, for respondent.

                    _____


McCarthy, J.

        Appeal from a judgment of the Supreme Court (O'Shea, J.),
entered July 8, 2014 in Chemung County, ordering, among other
things, equitable distribution of the parties' marital property,
upon a decision of the court.

        Plaintiff (hereinafter the wife) and defendant (hereinafter
the husband) were married in 1985 and have three emancipated
children.  The wife moved out of the marital home in May 2011 and
commenced this action in May 2012 seeking a divorce on the ground
of irretrievable breakdown.  At that time, the wife was employed
and earned a gross income of approximately $40,000 per year.  The
husband worked as a plumber for most of his adult life but was
unemployed and was not receiving unemployment insurance benefits
at the time of the divorce proceedings.

        In September 2014, Supreme Court granted the parties a

divorce by issuing a decision and order and a subsequent judgment, wherein the court, among other things, ordered the equitable distribution of the parties' marital property. As is relevant, the court held that the marital home should be sold, per an agreement between the parties, and the proceeds used to pay any outstanding taxes, mortgage, liens and other expenses related to the property, and the remainder thereof should be split between them. The court further held that an annuity cashed in by the husband was marital property,[1] and that the wife was entitled to approximately half of what that annuity would have been worth had the husband waited until the relevant mandated retirement age to collect the annuity. The court further determined that, based upon the evidence submitted, the husband was entitled to a credit in the amount of $486.61 for expenses related to his upkeep of the marital residence. The husband now appeals,[2] and we affirm.

Supreme Court has "'substantial discretion'" to fashion equitable distribution of marital property[3] "'based on the circumstances of each case, and the determination will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors'" (Vertucci v Vertucci, 103 AD3d 999, 1001 [2013], quoting Williams v Williams, 99 AD3d 1094, 1096 [2012]; see Domestic Relations Law § 236 [B] [5] [d]). Initially, Supreme Court's factual findings illustrate that it considered the requisite statutory factors (see Noble v Noble, 78 AD3d 1386, 1387 [2010]; Rosenkranse v Rosenkranse, 290 AD2d 685,

---

[1] Although the record is not entirely clear on this point, the husband appears to have accepted a lump-sum payment in exchange for giving up the future annuity payments.

[2] We exercise our discretion and treat the husband's premature appeal from the decision and order as a valid appeal from the judgment (see Quarty v Quarty, 96 AD3d 1274, 1275 n 1 [2012]; Alessi v Alessi, 289 AD2d 782, 782-783 [2001]).

[3] The husband concedes that the entirety of the annuity was earned during the course of the marriage (see Domestic Relations Law § 236 [B] [1] [c]; Keil v Keil, 85 AD3d 1233, 1235 [2011]).

686 [2002]). Turning to the record evidence relating to the husband's specific contentions, both parties testified that they shared marital assets throughout the marriage and maintained joint accounts from which they paid the mortgage payment and other household expenses. The wife testified that she primarily managed the funds for the household and deposited her monthly paycheck into either the parties' joint checking account or into the savings account from which she paid the mortgage, and that she paid all necessary expenses up until her departure from the marital home in May 2011. The husband testified that, while he was unemployed, he contributed to the household expenses with money he received from unemployment payments, any side jobs that he worked and a life insurance policy that he inherited following his father's death in 2010. Further, the court credited the wife's testimony that she did not consent to the early receipt of funds in exchange for giving up the annuity, which triggered penalties for such a transaction that reduced the amount actually received.

We disagree with the husband that Supreme Court was required to pass on half of the losses incurred by his unilateral choice to sell the annuity early. The court did not abuse its discretion in awarding the wife approximately half of the value of the annuity before penalties and taxes related to its early sale (see Altieri v Altieri, 35 AD3d 1093, 1095 [2006]; Galachiuk v Galachiuk, 262 AD2d 1026, 1027 [1999]).

We also reject the husband's argument that he was entitled to additional credits for payments that he alleges that he made toward the mortgage and upkeep of the marital residence prior to the commencement of this action. The husband did not supply documentary evidence that established that any payments that he now claims should have been credited as reducing marital debts went to reduce the mortgage on the marital home or to otherwise improve it, and we defer to Supreme Court's decision not to credit the husband's testimony on the matter given the absence of such documentary evidence (see generally Vertucci v Vertucci, 103 AD3d at 1001). The husband's remaining contentions are also without merit.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court