*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    521119
_____

JOHN VALITUTTO,
                          Respondent,

        v
                                            MEMORANDUM AND ORDER
DIANA VALITUTTO,
                          Appellant.
_____

Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                         _____


        Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P. Rutkey of counsel), for appellant.

        Cynthia Feathers, Glens Falls, for respondent.

                         _____


McCarthy, J.

        Appeal from a judgment of the Supreme Court (Crowell, J.), entered December 23, 2014 in Saratoga County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

        Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1982 and have two daughters, both of whom were emancipated at the time of the commencement of this divorce action.  The parties physically separated in July 2009 when the husband left the marital residence.  In April 2012, the husband commenced this matrimonial action, asserting an irretrievable breakdown of the marriage (see Domestic Relations Law § 170 [7]).  After a bench trial, Supreme Court issued an order in October 2014, which was subsequently amended twice, in October 2014 and November 2014, granting the

parties a divorce and ordering the equitable distribution of their marital property, which included, among other things, the proceeds from the sale of the marital residence (hereinafter the Lake Ridge property), a rental property (hereinafter the Wineberry property) and a portion of the husband's state pension. In December 2014, a judgment of divorce was entered, incorporating the terms of the November 2014 second amended decision and order. The wife now appeals, and we affirm.

Although the funds that the wife received as a settlement to an employment discrimination lawsuit were initially separate property (see Domestic Relations Law § 236 [B] [1] [d] [2]), they presumptively became marital property once she placed them into a joint account (see Albertalli v Albertalli, 124 AD3d 941, 942 [2015]). To rebut that presumption, the wife was required to prove by clear and convincing evidence that the placement of the funds in a joint account was for mere convenience (see Whitaker v Case, 122 AD3d 1015, 1017 [2014]; Burnett v Burnett, 101 AD3d 1417, 1419 [2012]). The proof established that the funds from that joint account were used for the parties' regular expenses and included those funds used for the purchase of the Lake Ridge property, which was jointly titled. Thereafter, the parties refinanced that property and used the proceeds to purchase the Wineberry property, which was also jointly titled. This proof tended to show that the funds placed in the joint account became increasingly untraceable, supporting a reasonable inference that the wife did not intend to place the funds in the joint account solely for convenience. Further, Supreme Court credited the husband's testimony that he had never indicated that the funds would remain separate property, and we decline to disturb that credibility determination (see Vertucci v Vertucci, 103 AD3d 999, 1003 [2013]; Seidman v Seidman, 226 AD2d 1011, 1012 [1996]). Accordingly, the wife failed to rebut the presumption that the funds became marital property.

We reject the wife's contention that Supreme Court erred in adjusting her share of the husband's pension pursuant to equitable distribution. Supreme Court has "substantial discretion to fashion [equitable distribution] awards based on the circumstances of each case," and its determination in this regard "will not be disturbed absent an abuse of discretion or

failure to consider the requisite statutory factors" (<u>Williams v Williams</u>, 99 AD3d 1094, 1096 [2012]; <u>accord</u> <u>Buchanan v Buchanan</u>, 132 AD3d 1182, 1183 [2015]; <u>see</u> Domestic Relations Law § 236 [B] [5] [d]).  "'Although pension rights earned during a marriage and prior to the commencement of a matrimonial action are marital property subject to equitable distribution, the distribution of the asset is based upon considerations of fairness and the respective situations of the parties'" (<u>Arnone v Arnone</u>, 36 AD3d 1170, 1172-1173 [2007], quoting <u>Redgrave v Redgrave</u>, 13 AD3d 1015, 1016 [2004]; <u>see</u> <u>Majauskas v Majauskas</u>, 61 NY2d 481, 485-486 [1984]).

In distributing the parties' marital property, Supreme Court granted the wife title to the Wineberry property, valued at $196,000, which the parties owed free of mortgage or any other encumbrances, whereas the husband received the proceeds of the sale of the Lake Ridge property, $108,000 held in escrow. Considering the distribution to this extent, the husband received $88,000 less in assets than the wife.  The only remaining substantial marital asset was a portion of the husband's state pension.  Supreme Court correctly calculated that 78% of the pension that the husband would receive if he retired in 2018 was marital property.[1]  Supreme Court also correctly noted that the <u>Majauskas</u> formula would have entitled the wife to a 39% share of the husband's pension.  The entirety of the husband's monthly pension would be $6,250 a month, and Supreme Court reduced the wife's share of that pension from 39% to 30%.  Notably, the husband's loss based on receiving the less valuable real property-related asset accrues upon the entry of the judgment, while the wife's loss based on her reduced share in the husband's pension is delayed and then accrues over time, reducing the present value of her loss.  Considering the equitable distribution in its entirety, we conclude that Supreme Court did

---

[1]  The wife incorrectly assumes that 100% of the pension is marital property, failing to recognize that the husband's contributions to his pension, after the filing of the matrimonial action and until his eventual retirement, are his separate property (<u>see</u> <u>Valachovic v Valachovic</u>, 9 AD3d 659, 559-660 [2004]).

not abuse its discretion in fashioning an approximately equal distribution of the marital assets (see Graepel v Graepel, 125 AD2d 447, 448-449 [1986]; see also Zacharek v Zacharek, 116 AD2d 1004, 1005 [1986]).

Further, Supreme Court did not abuse its discretion by awarding the wife maintenance of $1,500 per month to continue until either the husband's retirement or, if he did not retire at the age of 66, the wife's death or her remarriage or cohabitation with another person. "[I]t is well settled that 'the amount and duration of [the] maintenance awarded is a matter committed to the discretion of the trial court, after due consideration of the statutory factors and the parties' standard of living during the marriage'" (Fisher v Fisher, 122 AD3d 1032, 1033 [2014], quoting Halse v Halse, 93 AD3d 1003, 1005 [2012]; see Orioli v Orioli, 129 AD3d 1154, 1155-1156 [2015]).

While the wife stressed that she assisted the husband in obtaining his Master's degree, he too helped her obtain a Master's degree. Both parties were, at various times, the primary caretakers for their children when necessary to advance each other's careers. Although the wife had no current income, she had a Series 7 brokerage license and had previously worked at a major brokerage firm and also had obtained a Master's degree and certification in psychology. The husband appeared in good health at trial and earned approximately $110,000 per year, but he housed and provided financial assistance to the parties' adult daughter, who suffers from disabilities. The husband had voluntarily paid maintenance to the wife for over a year, and he had paid the mortgage and taxes on the marital real property during the pendency of this action. During the same time, he made loan and insurance payments for the vehicle that the wife drove and provided health insurance to the wife and both of their daughters. Accordingly, considering this evidence and the fact that Supreme Court considered the appropriate statutory factors, Supreme Court did not abuse its discretion in determining either the duration or the amount of maintenance payable to the wife (see Settle v McCoy, 108 AD3d 810, 811-812 [2013]; compare McAuliffe v McAuliffe, 70 AD3d 1129, 1134-1135 [2010]; Ndulo v Ndulo, 66 AD3d 1263, 1264-1265 [2009]).

Finally, we conclude that Supreme Court did not abuse its discretion in denying the wife counsel fees. Mindful of the presumption in favor of her receipt of counsel fees as the less monied spouse (see Domestic Relations Law § 237 [a]; Gifford v Gifford, 132 AD3d 1123, 1126 [2015]), we conclude that the husband adequately rebutted that presumption. The record reveals that the wife maintained unreasonable stances, veering into personal and irrelevant attacks aimed at the husband and his counsel at times, that unnecessarily prolonged the litigation (see Johnson v Chapin, 12 NY3d 461, 467 [2009]). Further, the record reveals that, for what appears to have been a potentially simple legal matter, the wife had already charged $10,000 in legal fees to the husband's credit card, as well as asking for and receiving another $5,000 from him which she alleged that she needed for legal fees (see Armstrong v Armstrong, 72 AD3d 1409, 1416 [2010]). Finally, the wife failed to provide documentation that she owed any fees to attorneys (compare Yarinsky v Yarinsky, 25 AD3d 1042, 1042-1043 [2006]). Accordingly, Supreme Court did not abuse its discretion in concluding that the husband rebutted the presumption of the wife's entitlement to counsel fees.

The wife's remaining contentions have been examined and found to be without merit.

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court