■ Robert G. McKnight, Appellant, v Catherine McKnight, Respondent. [795 NYS2d 199]—

Judgment of divorce, Supreme Court, New York County (Marilyn B. Dershowitz, Special Referee), entered April 25,

2003, insofar as it pertained to equitable distribution and award of counsel fees to defendant, unanimously affirmed, with costs.

"Equitable distribution presents matters of fact to be resolved by the trial court, and its distribution of the parties' marital property should not be disturbed unless it can be shown that the court improvidently exercised its discretion in so doing" (*Oster v Goldberg*, 226 AD2d 515, 515 [1996], *lv denied* 88 NY2d 811 [1996]). The valuation and distribution of the marital property herein was not an improvident exercise of discretion.

Equitable distribution does not necessarily mean equal distribution (*see Greenwald v Greenwald*, 164 AD2d 706, 713 [1991], *lv denied* 78 NY2d 855 [1991]). The Special Referee properly considered "the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]), including both the husband's financial contribution and the wife's financial and nonfinancial contributions, in determining the equitable distribution of the marital residence and the husband's pension.

The court has discretion and flexibility in selecting valuation dates for marital assets that are appropriate and fair under the circumstances (*see Savage v Savage*, 155 AD2d 336 [1989]). The Special Referee properly took into consideration the findings of the appraiser as to deferred maintenance and necessary repairs at the marital residence in selecting the earlier appraisal date. Nor was the award to defendant of 60% of her husband's pension an improvident exercise of discretion, since this award was in lieu of maintenance and plaintiff retained other investment assets.

The inclusion of directives as to the timing of maintenance payments was proper, in the exercise of a ministerial function. The award of attorneys' fees was not excessive in light of the disparity in the parties' income and assets (Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.