■ ANNE ALECCA, Respondent, v CHRISTOPHER ALECCA, Appellant. [975 NYS2d 801]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Mc-Ginty, J.), entered November 21, 2012 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1997 and they have two children (born in 1999 and 2004); plaintiff (hereinafter the wife) commenced this action for divorce in 2011. After the parties entered into an oral stipulation resolving child support and custody, as well as certain aspects of equitable distribution, a nonjury trial was held on the remaining equitable distribution issues and maintenance. Supreme Court, among other things, ordered defendant (hereinafter the husband) to pay the wife $91,750, representing half of the stipulated value of the marital residence, $10,000, representing half of a 401(k) account, and $8,500, representing half of a joint bank account. Supreme Court also ordered the husband to pay the wife half of the amount in a deferred compensation account, maintenance of $292 per week until she turns 62 and $5,000 in counsel fees. The husband appeals.

We cannot agree with the husband's contention that Supreme Court erred in failing to give him credit for his separate property contributions to the acquisition of the marital residence. Although the residence was purchased prior to the marriage and the husband's separate funds were used for the down payment and premarital mortgage payments, the husband conveyed the property to the parties jointly in 1998, creating a presumption that it then became marital property in its entirety (*see Murray v Murray*, 101 AD3d 1320, 1321 [2012], *lv dismissed* 20 NY3d 1085 [2013]; *Campfield v Campfield*, 95 AD3d 1429, 1430 [2012], *lv dismissed* 20 NY3d 914 [2012], *lv denied* 21 NY3d 857 [2013]). Under these circumstances, whether to grant the husband a credit for the contribution of separate property to the acquisition of this marital asset was within Supreme Court's discretion (*see Vertucci v Vertucci*, 103 AD3d 999, 1003 [2013];

*Murray v Murray*, 101 AD3d at 1321; *see also Lurie v Lurie*, 94 AD3d 1376, 1378 [2012]), and we find no abuse of that discretion here.

Nor do we find any basis to disturb Supreme Court's distribution of $8,500 as the wife's share of the proceeds from the parties' joint bank account. The evidence established that the husband liquidated the account and transferred the proceeds to one he controlled shortly after he left the marital residence, and he offered no evidence to support his claim that he used the money to pay marital expenses. Instead, the evidence supports the conclusion that he used the money to pay for personal expenses, including interim fees he was ordered to pay to the wife's counsel (*see Quinn v Quinn*, 61 AD3d 1067, 1070 [2009]; *Altieri v Altieri*, 35 AD3d 1093, 1095 [2006]; *compare Altomer v Altomer*, 300 AD2d 927, 928 [2002]). We agree with the husband, however, that the distribution of $10,000 from his premarital 401(k) account was improper in light of his testimony, which was neither disputed by the wife nor expressly discounted by the court, that it was funded solely with separate property and never converted to marital property (*see Nolan v Nolan*, 104 AD3d 1102, 1106 [2013]; *Blay v Blay*, 51 AD3d 1189, 1191 [2008]; *Shen v Shen*, 21 AD3d 1078, 1079 [2005]). Likewise, that part of the judgment directing distribution of a nonexistent deferred compensation account should be stricken.

As for the husband's contention that the maintenance award is excessive in duration and amount, it is well settled that these determinations are within the sound discretion of Supreme Court so long as the court considers the statutory factors and the parties' predivorce standard of living (*see Cornish v Eraca-Cornish*, 107 AD3d 1322, 1324 [2013]; *Murray v Murray*, 101 AD3d at 1322; *Schwalb v Schwalb*, 50 AD3d 1206, 1210 [2008]). Here, the husband was 47 years old at the time of the divorce and had been continuously employed as a firefighter for the City of Kingston since 1992. The wife was 43 years old at the time of the divorce and had intermittently worked part time until 2007, when she injured her wrist. She was determined to be disabled by the Social Security Administration in connection with her wrist injury and her other serious medical issues. Prior to her disability, her income varied from approximately $7,000 to $16,000 per year. Further, she has been and will continue to be primarily responsible for the children, who have special needs. Contrary to the husband's claim, Supreme Court's conclusions that the wife is unable to work and unlikely to find work enabling her to become self-sufficient are amply supported by the record. Moreover, although the husband claims that the

maintenance award will impoverish him, he points only to his base salary to make this argument and ignores the overtime he has historically worked. The record supports Supreme Court's conclusion that the husband has an annual income of $75,000, at the least. As Supreme Court considered the relevant statutory factors in determining the appropriate amount and duration of maintenance, and its determination is supported by the record, we find no basis to disturb its exercise of discretion (*see Settle v McCoy*, 108 AD3d 810, 812 [2013]; *Quarty v Quarty*, 96 AD3d 1274, 1277 [2012]; *Harrington v Harrington*, 93 AD3d 1092, 1094 [2012]).

The husband next contends that the child support award must be remitted for recalculation based on the failure of the parties to address the impact of maintenance on child support. The husband concedes, however, that this issue was not preserved for review by timely objection or motion in Supreme Court (*see Severing v Severing*, 97 AD3d 956, 957 [2012]; *Dudla v Dudla*, 304 AD2d 1009, 1010 [2003]; *compare St. Louis v St. Louis*, 86 AD3d 706, 708 [2011]). In any event, the statute relied on by the husband, Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), is inapplicable. That statute mandates that maintenance be deducted from income for child support purposes where the order provides for an adjustment of child support once maintenance terminates (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Here, maintenance will outlast child support and, therefore, the statutory deduction is not required (*see Fendsack v Fendsack*, 290 AD2d 682, 684 [2002]; *Huber v Huber*, 229 AD2d 904, 905 [1996]).

With respect to the award of counsel fees, the husband does not challenge the reasonableness of the charges set forth in the bills submitted by the wife's counsel, but again claims that his financial condition is desperate and he cannot afford to pay them. As stated above, however, Supreme Court's findings regarding the parties' respective financial circumstances are supported by the record and, considering the totality of circumstances, we find no abuse of discretion in the award of counsel fees (*see Williams v Williams*, 99 AD3d 1094, 1097 [2012]; *O'Connor v O'Connor*, 91 AD3d 1107, 1109 [2012]; *Dow v Dow*, 80 AD3d 848, 849 [2011]). Nevertheless, we agree with the husband that the custody award should be modified by adding the parties' agreement that they share holidays and vacations as the parties agree. We further agree that, pursuant to the stipulation, the wife's counsel is responsible for preparing the qualified domestic relations order distributing the husband's pension, and the judgment should be amended accordingly to

reflect this. The husband's remaining contentions, to the extent that they have been preserved for our review, have been considered and determined to be without merit.

Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by (1) modifying the visitation award so as to include the agreement that the parties share holidays and vacations as agreed upon by the parties, (2) ordering plaintiff to submit a qualified domestic relations order to Supreme Court, (3) vacating so much thereof as distributed the 401(k) account, and (4) vacating so much thereof as distributed a deferred compensation account, and, as so modified, affirmed.