■ ERIC ALEXANDER, Respondent, v HANY ALEXANDER, Appellant. [985 NYS2d 1]—

Judgment, Supreme Court, New York County (Matthew F. Cooper, J.), entered November 26, 2012, which, to the extent appealed from as limited by the briefs, awarded defendant wife a 35% interest in plaintiff husband's corporate stock shares, valued as of the commencement date of the action, failed to award her additional counsel and expert fees, or health insurance, or to direct the husband to purchase life insurance to cover his obligations under the judgment, and awarded maintenance in the amount of $7,500 per month until the earliest of either party's death, the wife's remarriage, or December 31, 2024, unanimously affirmed, without costs.

The court's prior unappealed ruling conclusively held that the husband's corporate stock shares were active, based on his daily role in the management of the company, and would be valued as of the April 2009 commencement date of the action. The court properly accepted the neutral appraiser's valuation based on the formula in the shareholders' agreement and properly rejected the wife's expert witness's valuation, which was significantly higher. Among other things, the wife's expert "did not consider the stock transfer restrictions contained in the shareholders' agreement" (*Amodio v Amodio*, 70 NY2d 5, 8 [1987]), as he acknowledged at trial. As the price in the shareholders' agreement was the "only evidence in the record of its actual value" (*id.*), the court properly credited the neutral appraiser's report, which was based on that price.

The court properly exercised its discretion in determining that the wife was entitled to 35% of the value of those shares. The court properly considered the length of the marriage (nearly 25 years), the contribution by the wife in running the household

and raising their two sons throughout the marriage, and the fact that most of the increase in corporate revenues, which resulted in the increased share price, occurred in the same year as the commencement of this action (*McKnight v McKnight*, 18 AD3d 288, 289 [1st Dept 2005]; *see also Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]; *Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2d Dept 2003], *lv denied* 1 NY3d 508 [2004]).

We find no basis to disturb the court's exercise of discretion in determining the amount and duration of maintenance. The $7,500 in taxable maintenance to the wife, payable from September 1, 2012 through December 31, 2024 is adequate, notwithstanding her age at 56 years old, her lack of a work history, and her inability to support herself after being a homemaker throughout the nearly 25-year marriage. We reject the wife's contention that the court should have awarded her maintenance of $20,000 per month, consistent with the expenses detailed in her net worth statement, and that she should have received a lifetime maintenance award.

It is well settled that the determination of maintenance is within the sound discretion of Supreme Court upon consideration of the relevant factors enumerated in Domestic Relations Law § 236 (B) (6) (a) and the parties' pre-divorce standard of living (*see Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]; *Morrow v Morrow*, 19 AD3d 253 [1st Dept 2005]). Here, the court credited the husband's evidence that the parties lived relatively modestly, in contrast to the wife's statement of net worth, for which she failed to present sufficient evidence to substantiate her claims. The court also credited expert testimony that the husband could work for another 12 years, until age 67, with an earning capacity of $275,000 to $320,000 per year. Further, the record shows that the wife failed to provide medical evidence to substantiate her claims regarding a medical condition or health-related issues. Given the court's consideration of these factors, and in light of the wife's ability to keep the parties' marital home, valued at $2 million, along with the equitable distribution award, which leaves her with approximately $750,000 in cash as of 2015, we find that the durational maintenance of at most 12 years at $7,500 per month is amply supported by the record, and was a proper exercise of discretion.

The trial court properly declined to award the wife expert fees or counsel fees in addition to the $135,000 interim counsel fees that she had already received (*see* Domestic Relations Law § 237). Further, given the lack of evidence substantiating the wife's medical claims, the court properly exercised its discretion in declining to require the husband to pay the wife's unreim-

bursed medical expenses, or her health insurance, which the husband paid throughout the pendency of the proceedings. Similarly, the court properly declined to require the husband to obtain life insurance to cover his obligations under the judgment, since the wife elicited no evidence relevant to the issue. Concur—Tom, J.P., Friedman, Moskowitz, Gische and Clark, JJ.