*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    517350
_____

CHRISTINA A. MYERS,

                    Appellant,

        v                                MEMORANDUM AND ORDER

THOMAS E. MYERS,

                    Respondent.
_____


Calendar Date:  June 6, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

                    _____


        Cynthia Feathers, Glens Falls, for appellant.

        Maxwell & Van Ryn, Delmar (Paul W. Van Ryn of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the Supreme Court (Connolly, J.), entered June 6, 2013 in Albany County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

        Six years before the parties' marriage in June 2000, plaintiff (hereinafter the wife) became the sole owner of real property, which would later become the parties' marital residence.  At the time of marriage, the wife owned the property free and clear of any liens or encumbrances.  In 2005, apparently in an effort to consolidate debt, defendant (hereinafter the husband) and the wife jointly applied for a mortgage on the property.  To satisfy the requirements of the mortgage lender,

the husband's name had to appear on the deed to the residence.[1] Thus, on March 31, 2005, the wife executed a deed conveying ownership of the residence from her alone to both her and the husband.  A mortgage was issued jointly to the parties that same day.

In December 2011, the wife commenced this action for divorce on the basis that the parties' marriage was irretrievably broken.  The parties executed an interim agreement, as well as a subsequent stipulation and opting out agreement, resolving all issues but the distribution of the marital residence and the debt attached thereto, which had amounted to approximately $160,000. Thereafter, the action proceeded to trial, following which Supreme Court issued a decision and order finding, among other things, that the marital residence and its accompanying debt should be equally divided between the parties.  A judgment of divorce subsequently incorporated Supreme Court's earlier findings and this appeal by the wife ensued.

The wife contends that Supreme Court erred in denying her a separate property origination credit in the amount of $165,000 for the estimated value of the marital residence at the time that she transferred it to herself and the husband jointly.  In denying such credit, Supreme Court indicated that it was bound by our prior decision in Campfield v Campfield (95 AD3d 1429 [2012], lv dismissed 20 NY3d 914 [2012], lv denied 21 NY3d 857 [2013]). Specifically, Supreme Court referred to the portion of Campfield that differentiated between a credit for marital property that is "acqui[red]" from separate property — i.e., by using the proceeds of the sale of separate property to purchase marital property — and marital property that originates from the "transmut[ation]" of separate property — i.e., by transferring the deed of separately held property into joint names (id. at 1430).  On appeal, the wife urges the overruling of this portion of Campfield, arguing that it is inconsistent with the general principles of equitable distribution law.

---

[1]  Based upon her limited income, the wife was unable to qualify for a mortgage on her own.

Unlike the appellant in Campfield, the wife here admits that the property in question is marital. In particular, she agrees that the residence became marital property subject to equitable distribution upon her transfer of the deed into the parties' joint names in 2005 (see Alecca v Alecca, 111 AD3d 1127, 1128 [2013]; Murray v Murray, 101 AD3d 1320, 1321 [2012], lv dismissed 20 NY3d 1085 [2013]). Therefore, this case is distinguishable from Campfield. As such, we need not address the wife's argument that transfer of the deed was intended "'solely for the purpose of convenience,'" a consideration that is relevant only in determining whether property is marital or separate in the first instance (Currie v McTague, 83 AD3d 1184, 1185 [2011], quoting Kay v Kay, 302 AD2d 711, 713 [2003]).

However, to the limited extent that Campfield may be read to limit a court's discretion to award a separate property credit to a spouse, like the wife, who transmutes separate property into marital property without changing the nature of the property itself, it should no longer be followed. As we have subsequently noted without reference to the way in which a marital asset was acquired, credits are often given for the value of the former separate property (see Murray v Murray, 101 AD3d at 1321). We have also subsequently explained that the decision to award a separate property origination credit in such a situation is a determination left to the sound discretion of Supreme Court (see Alecca v Alecca, 111 AD3d at 1128; Murray v Murray, 101 AD3d at 1321). Therefore, our own jurisprudence subsequent to Campfield indicates that such credit is not precluded as a matter of law when separate property has been transmuted into marital property.

Despite the foregoing, we are nonetheless unpersuaded that the denial of the wife's request for a separate property origination credit under the specific circumstances herein constitutes an abuse of discretion. Supreme Court's thorough decision properly considered the relevant statutory factors required of a decision awarding equitable distribution (see Domestic Relations Law § 236 [B] [5] [d]) and found that "the overall picture is of the parties engaging generally in a financial partnership, of which the marital residence, and the loans thereupon, was simply one agreed-upon portion." In this regard, a review of the record reveals that the funds received

from the mortgage, as well as the subsequent refinancing and home equity loan, enabled the wife and the husband to consolidate their debts, go on numerous family vacations, make improvements to the marital residence and, generally, live a lifestyle that may have been above their means. Notably, the wife's individual debt was eliminated by the proceeds of a new, jointly-held debt which, in turn, was primarily paid from the husband's income for a number of years. Inasmuch as a separate property origination credit "is not strictly mandated since the property is no longer separate, but is part of the total marital property" (Murray v Murray, 101 AD3d at 1321), we cannot say that Supreme Court improperly denied the wife a credit based upon the entirety of the record before us. Accordingly, we likewise find no error in Supreme Court's determination that the marital residence and its associated debt should be equally divided between the parties.

Lahtinen, J.P., Stein, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court