■ MAMADOU LAMINE DABO, Appellant, v BEATRICE SIBBLIES, Respondent. [36 NYS3d 648]—

Judgment of divorce, Supreme Court, New York County (Ellen F. Gesmer, J.), entered September 30, 2015, pursuant to an order, same court and Justice, entered on or about July 2, 2015, which, among other things, upon the parties' motions, confirmed in part and rejected in part a special referee's report,

unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court properly found that defendant wife's business interests were separate property, of which plaintiff husband was not entitled to equitable distribution, and that the value of such interests had not been established at trial. The court noted that the record did not support a finding that the wife's interests in Cold Spring I LLC (Cold Spring) and BOS Development LLC (BOS) were marital, since it was clear from the testimony of both parties that the wife had established Cold Spring and BOS prior to the parties' marriage, and that she was already heavily involved in the development of a real estate project known as the Morningside Project in 2007, the year prior to the parties' marriage. It noted that the husband's direct contribution to the Morningside Project was limited to his participation in a single conference call regarding a stop work order that the Department of Buildings had issued just after the work had begun on the building's foundation. The husband acknowledged that the business was formalized prior to the marriage and that he was not a principal of 86 Morningside LLC (a company formed to develop the Morningside Project) or Cold Spring. Accordingly, the court found that the record supported a finding that the wife's interests in Cold Spring (including Cold Spring's interest in 86 Morningside LLC) and BOS were her separate, premarital property.

The husband's argument that the Morningside Project was marital property subject to equitable distribution since the leasehold interest was "acquired after the parties' marriage" is without merit (*see Zaretsky v Zaretsky*, 66 AD3d 885, 887-888 [2d Dept 2009]). The evidence reveals that the wife was unilaterally involved in the development of the Morningside Project in 2007, the year prior to the parties' marriage in 2008. In *Zaretsky*, the Appellate Division, Second Department held that the wife was not entitled to any share of the husband's interest in property he acquired very shortly after their wedding, as the husband demonstrated that the property was purchased with funds from his father and brother (*id.*).

Moreover, the motion court correctly held that the husband was not entitled to equitable distribution of the value of the wife's business interests. The wife's business was separate property established before the marriage. Notwithstanding the claim that he had contributed to it, the husband made no showing to satisfy his burden of demonstrating the baseline value of the business and the extent of its appreciation (*see Kurtz v*

*Kurtz*, 1 AD3d 214, 215 [1st Dept 2003]; *Capasso v Capasso*, 129 AD2d 267, 282 [1st Dept 1987], *lv denied and dismissed* 70 NY2d 988 [1988]).Valuation based solely upon a capital account distribution reported on a K-1 form is insufficient (*see Heine v Heine*, 176 AD2d 77, 88-89 [1st Dept 1992], *lv denied* 80 NY2d 753 [1992]).

Supreme Court correctly determined that the marital residence became marital property upon the wife's transfer, during the marriage, of the property from her sole name to the parties' joint names (*see Fields v Fields*, 15 NY3d 158 [2010]; *Imhof v Imhof*, 259 AD2d 666, 667 [2d Dept 1999], *lv dismissed* 93 NY2d 999 [1999], *lv denied* 94 NY2d 915 [2000]). Supreme Court also properly found that the husband was entitled to 50% (or $37,500) of the appreciation of the marital residence (*see Maldonado v Maldonado*, 100 AD3d 448 [1st Dept 2012]), based on the parties' stipulation that the value of the residence at the time of its transfer was $1.6 million and was $1.675 million at a date closer to trial (*see Patelunas v Patelunas*, 139 AD2d 883, 884-885 [3d Dept 1988]). Supreme Court providently exercised its discretion in selecting a valuation date close to the date of trial, especially since it was the last date the marital residence had been appraised (*see id.*; *see also Wegman v Wegman*, 123 AD2d 220, 234, 235 [2d Dept 1986], *amended on other grounds* 512 NYS2d 410 [2d Dept 1987]). The court was not required to order an updated valuation, as "there are no strict rules mandating the use of particular valuation dates" (*Mauthner v Mauthner*, 128 AD3d 502, 502 [1st Dept 2015]; *see Grunfeld v Grunfeld*, 94 NY2d 696, 707 [2000]). The delay between the date of the last valuation and the commencement of trial was due, in large part, to the husband's own conduct in, among other things, postponing the start of trial on two occasions.

Supreme Court properly granted the wife a $1.6 million separate property origination credit for the marital residence, since the husband stipulated that was the value of the property on the date his name was added to the deed (*see Myers v Myers*, 119 AD3d 1114, 1116 [3d Dept 2014]; *see also Heine*, 176 AD2d at 84; *Fields*, 15 NY3d at 166, 167). The husband failed to preserve his argument that he was fraudulently induced into entering into the stipulation, and, in any event, the evidence in the record does not support his contention.

Supreme Court providently exercised its discretion in directing the husband to pay $37,500 in counsel fees. The court considered the appropriate factors, including the financial circumstances of the parties, the relative merits of the posi-

tions taken at trial, and any dilatory tactics undertaken by the parties during the litigation (see *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Warner v Houghton*, 43 AD3d 376, 380 [1st Dept 2007], *affd* 10 NY3d 913 [2008]). The record supports the court's imposition of $7,500 in sanctions for the husband's filing of a frivolous motion (see 22 NYCRR 130-1.1).

The husband never challenged the Special Referee's recommendation that he pay 50% of the private school tuition for the parties' child. Accordingly, we decline to consider his argument that Supreme Court erred in adopting that recommendation.

We have considered the husband's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.