■ DEBRA TODRES, Respondent, v ANDREW FREIFELD, Appellant. BRUCE A. YERMAN, Nonparty Appellant. [58 NYS3d 21]—

Judgment of divorce, Supreme Court, New York County (Phyllis Sambuco, Special Referee), entered September 1, 2015, which to the extent appealed from as limited by the briefs, distributed the marital estate, awarded plaintiff child support, awarded plaintiff $164,124 in attorneys' fees, and imposed $25,500 in sanctions on defendant, unanimously affirmed, without costs. Order, same court (Lori S. Sattler, J.), entered August 26, 2015, which, to the extent appealed from as limited by the briefs, denied defendant's motion for attorneys' fees, unanimously affirmed, without costs.

Regarding distribution of the marital residence, the Special

Referee correctly credited each spouse for their separate property contributions to the purchase before determining how to distribute its remaining value (*see Fields v Fields*, 15 NY3d 158, 166-167 [2010]). Plaintiff sufficiently proved her contributions to the purchase price from her separate property through her testimony, her father's testimony, and documentary evidence. In determining the value of the marital residence, the Special Referee providently exercised her discretion in relying on the May 2013 joint appraisal, which fell after the January 26, 2011 commencement date of the proceeding, but before the November 19, 2013 commencement date of trial (*McKnight v McKnight*, 18 AD3d 288, 289 [1st Dept 2005]; *see also Mesholam v Mesholam*, 11 NY3d 24, 28 [2008]; *see* Domestic Relations Law § 236 [B] [1] [c]). In addition, defendant unduly prolonged the trial by his conduct, and is not entitled to benefit from further appreciation in value of the property over the prolonged trial (*Dabo v Sibblies*, 142 AD3d 459, 461 [1st Dept 2016]). The Special Referee considered the relevant statutory factors, and did not abuse her discretion in allocating 90% of the increased value of the marital residence to plaintiff (Domestic Relations Law § 236 [B] [5] [d]; *Fields* at 168, 170; *Holterman v Holterman*, 3 NY3d 1, 7-8 [2004]), particularly in light of her findings regarding the parties' relative contributions as parent and homemaker, and financial provider. The Special Referee's determination to credit plaintiff's rather than defendant's testimony on this and other issues is entitled to substantial deference (*Havell v Islam*, 301 AD2d 339, 347 [1st Dept 2002], *lv denied* 100 NY2d 505 [2003]).

Next, the Special Referee providently exercised her discretion in awarding plaintiff 80% of her two employment-related retirement accounts, but awarding her 50% of defendant's employment-related retirement account after considering both parties' economic contributions during the marriage, and noting the significant difference in investments the parties made in those accounts during the marriage. In contrast to defendant, plaintiff continued to contribute to her retirement accounts during the marriage.

In calculating child support, both parties are attorneys, and the Special Referee properly calculated plaintiff's income, and properly imputed future income of $140,000, beginning in July 2015, based on her testimony that although she was not employed at the time of trial, her health was improving, and she hoped to return to work in the near future (Family Ct Act § 413 [1] [b] [5] [i], [v]; *Matter of Childress v Samuel*, 27 AD3d 295 [1st Dept 2006]). Regarding defendant's income, the Special

Referee providently exercised her discretion in imputing 20% more income than stated on his 2011, 2012, and 2013 tax returns, after deeming his testimony not credible, and providently exercised her discretion in averaging his imputed 2011 and 2013 income to conclude his 2014 income would be $190,778, and properly ignored his 2012 income, for which he gave limited testimony, after invoking and, on the last day of trial, withdrawing his privilege against self-incrimination regarding his 2012 tax return (*Matter of Mongelluzzo v Sondgeroth*, 95 AD3d 1332 [2d Dept 2012], *lv denied* 20 NY3d 854 [2012]).

Regarding add-on expenses, the same court (Lori S. Sattler, J.), in orders dated December 13, 2016, and December 22, 2016, ordered a further hearing on plaintiff's claims for unreimbursed medical expenses beginning in November 2014, and on defendant's pro rata share of medical expenses from 2011 to 2013. As that hearing will render moot many of defendant's challenges to the orders directing defendant to pay plaintiff such add-ons in the judgment of divorce, we decline to modify that portion of the judgment at this time.

Next, a review of the record demonstrates that the sanctions of $25,500, imposed on defendant for six instances of frivolous conduct, were appropriate. Contrary to defendant's assertions, the Special Referee's grounds for imposition of sanctions were adequately set forth in a written decision, after giving defendant a reasonable opportunity to be heard (*see* 22 NYCRR 130-1.1, 130-1.2; *Gordon Group Invs., LLC v Kugler*, 127 AD3d 592 [1st Dept 2015]).

Regarding the Special Referee's award of $164,124 in attorneys' fees to plaintiff in the judgment of divorce, pursuant to her determination rendered in a decision and judgment entered June 9, 2015, she later vacated that award upon defendant's motion. In an order entered May 3, 2016, the Special Referee acknowledged that, while she had authority to hear and report on attorneys' fees based on the Supreme Court's reference order dated October 5, 2012, she lacked authority to hear and determine the issue because a later so-ordered stipulation, dated September 4, 2013, conferred authority only to hear and determine child support and equitable distribution (*see* CPLR 4311, 4317 [a]; *see also Batista v Delbaum, Inc.*, 234 AD2d 45, 46 [1st Dept 1996]). She then converted her determination to a recommendation, which was confirmed in part by the Supreme Court, subject to a hearing on the reasonableness of the fees billed. Defendant and nonparty appellant did not appeal from those later orders. Accordingly, any challenge to her authority to hear and determine is moot.

In any event, the Special Referee maintained authority to hear and report on attorneys' fees. The reference order expressly acknowledged that the parties could enter a stipulation to allow the Special Referee to determine equitable distribution, child support, or attorneys' fees. The fact that the parties stipulated to allow the Special Referee to hear and determine only equitable distribution and child support does not otherwise modify the reference order conferring authority to hear and report on attorneys' fees.

The Special Referee properly considered the financial circumstances of both parties, together with all of the circumstances of the case (Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]), and properly considered defendant's "obstructionist" conduct during the trial, which unduly prolonged the trial, and increased the legal fees incurred (*Johnson v Chapin*, 49 AD3d 348, 361 [1st Dept 2008], *mod* 12 NY3d 461 [2009]). Nor was plaintiff, who was unemployed by the time of trial, always the monied spouse. In fact, the Special Referee calculated plaintiff's earning capacity to be $140,000 and defendant's $190,000.

Regarding the appeal from the order entered August 26, 2015, defendant was not deprived of his right to seek attorneys' fees during the financial trial or afterwards. The discrepancy between the reference order and the stipulation regarding attorneys' fees might have created confusion over the Special Referee's authority to determine that issue at the financial trial. Nevertheless, the Special Referee directed the parties to submit their legal bills in order to make a record in case the stipulation was expanded to confer authority to determine the issue of attorneys' fees. Thus, both sides had an opportunity to present evidence on the issue of attorneys' fees before she reported on the issues. Defendant chose not to seek such fees in his posttrial submissions, and to make his motion for attorneys' fees well after the financial trial. Defendant later moved to vacate the August 2015 order denying his motion, which relief was denied in an order dated December 13, 2016, and he thus had an adequate opportunity to litigate and pursue his claim. To the extent he disagrees with the December 13, 2016 order, it is not before this Court, since he apparently did not appeal from that order.

In any case, his motion was properly denied. Plaintiff was not, as defendant asserts, the monied spouse, and his own conduct unduly delayed the trial, thereby increasing his own legal fees.

We have considered defendant's and nonparty appellant's

remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.