Appeal from order, Supreme Court, New York County (Ellen Gesmer, J.), entered on or about February 26, 2016, deemed appeal from judgment, same court (Michael L. Katz, J.), entered July 11, 2016, after a trial, inter alia, determining defendant husband’s child support obligation, denying defendant’s claims for separate property credits in distributing marital assets, directing the parties to repay a loan from plaintiff wife’s father in the amount of $124,000, awarding plaintiff counsel fees, and directing defendant to post security, and, so considered, said judgment unanimously affirmed, with costs.
 

 The appeal from the judgment being untimely, we deem the notice of appeal from the order a premature notice of appeal from the judgment and treat it as valid (see CPLR 5520 [c]).
 

 At the trial of the financial issues ancillary to the divorce, both parties testified, and plaintiff’s father, Joel Yunis, and the court-appointed forensic accountant, among others, testified on plaintiff’s behalf. The court found defendant evasive and not credible, while finding plaintiff and, as relevant, the forensic accountant and Mr. Yunis credible, and its credibility determinations are entitled to deference (Warshaw v Warshaw, 169 AD2d 408 [1st Dept 1991]).
 

 In calculating the child support award, the court properly imputed income to defendant by including significant funds he received from his parents to pay his expenses (see Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]). Defendant is self-employed, and refuses to maintain a general ledger or financial records for his business. Trial evidence supports the court’s finding that defendant inflated his expenses on his tax returns so as to deflate his reported net income, and otherwise manipulated his income. Further, defendant, who is the sole executor of his father’s estate, admitted to using estate funds directly to pay some of his personal expenses. In view of its inability to quantify these alternate sources of revenue available to defendant, the court acted within its discretion in imputing income to him based on the discernible measure of parental contributions. Further, the court properly articulated its rationale for including combined parental income above the statutory cap, i.e., to maintain the standard of living provided the child during his parents’ marriage and taking into account his reasonable needs.
 

 With respect to the outstanding loan from plaintiff’s father (Mr. Yunis), the court providently exercised its discretion in directing the parties to repay the loan from the proceeds of the sale of the marital residence. We see no basis for disturbing the trial court’s finding that Mr. Yunis testified credibly that $124,000 remained unpaid under two promissory notes for monies borrowed from him to purchase the marital residence. Defendant’s contention that the court does not have the authority to enforce promissory notes to a third party is without merit (see Epstein v Messner, 73 AD3d 843, 845-846 [2d Dept 2010] [the court “is given broad discretion in allocating the assets and debts of the parties to a marriage”]).
 

 The court properly found that defendant was not entitled to a separate property credit for funds he used toward the purchase of the marital residence. Defendant failed to prove that his premarital assets that were admittedly commingled with marital funds were not marital property (see Todres v Freifeld, 151 AD3d 569 [1st Dept 2017]). The trial evidence demonstrates that defendant’s pre-marital funds were commingled with marital funds for approximately one year before the parties purchased the marital residence. The account in which the funds were commingled was completely liquidated in 2009, two years before the commencement of this action. The forensic accountant testified that in “multiple instances” he could not trace deposits made by defendant into the account directly to defendant’s separate property, but that, if the court chose to overlook the indisputable commingling of funds, he could calculate a separate property claim based on the separate property he had been able to trace.
 

 The court properly awarded plaintiff counsel fees. The trial evidence supports the court’s finding that, while the parties were on comparable financial footing, defendant has had the distinct economic advantage of being a lawyer representing himself pro se in this action, which has now lasted longer than the parties’ marriage (see Silverman v Silverman, 304 AD2d 41, 48 [1st Dept 2003]). Moreover, the trial record is replete with instances of defendant’s delaying the proceedings by arriving late, asking repetitive questions, and arguing with the court.
 

 The court acted within its discretion in directing defendant to post security for payment of his obligations (see Domestic Relations Law § 243; Adler v Adler, 203 AD2d 81 [1st Dept 1994]).
 

 We have considered defendant’s remaining arguments, to the extent they are properly before the court, and find them unavailing.
 

 Concur — Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.