Yentis v Yentis (2023 NY Slip Op 03886)

Yentis v Yentis

2023 NY Slip Op 03886

Decided on July 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 20, 2023

Before: Renwick, P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 311141/14 Appeal No. 266-267 Case No. 2021-04722, 2021-04789 

[*1]Mara Yentis, Plaintiff-Respondent-Appellant,
v
Adam Yentis, Defendant-Appellant-Respondent.

David E. Schorr, New York, for appellant-respondent.
Law Offices of John A. Kornfeld, LLP, New York (John A. Kornfeld of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered December 1, 2021, to the extent appealed from as limited by the briefs, determining that defendant husband's business was valued at $691,000, awarding plaintiff wife a separate property credit of $150,000, imputing additional annual income of $98,000 to the husband for the purposes of calculating child support in excess of the then-statutory cap of $148,000, declining to award the husband $14,941.04 representing 50% of COBRA payments made in 2015 and 2016, apportioning 43% of the liability of a collateral mortgage on the marital condominium to the wife, declining to credit the wife $110,705.44 for cash taken home by the husband, and awarding the wife $125,000 in counsel fees, unanimously modified, on the law and the facts, to decrease the husband's monthly basic child support to $2,950 per month retroactive to the date of entry of the judgment, to remand for recalculation of child support arrears, to delete the provision in the judgment directing that child support arrears be credited against the husband's distributive share in the condo, and to credit the husband $14,941 for COBRA payments made in 2015 and 2016, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in awarding the wife a separate property credit of $150,000 for the purchase of the marital apartment. It is well settled that a spouse is entitled to a credit for his or her contribution of separate property toward the purchase of the marital residence (see Philogene v Delpe-Philogene, 195 AD3d 963, 964 [2d Dept 2021]; Heine v Heine, 176 AD2d 77, 84 [1st Dept 1992], lv denied 80 NY2d 753 [1992]), including any contributions that are directly traceable to separate property (see Spilman-Conklin v Conklin, 11 AD3d 798, 800 [3d Dept 2004]; Myers v Myers, 255 AD2d 711, 716 [3d Dept 1998]). While the wife did not provide a complete paper trail documenting the source of the money used for the down payment and closing costs, the record supports the conclusion that the only possible source for that money was the premarital Paine Webber brokerage account that was set up by the wife's father in his daughter's name and into which the father had been contributing since she was a child.
We find that imputing an additional $98,000 to the husband's income for the purposes of calculating child support was not supported by the record (see Flom v Flom, 170 AD3d 440, 443 [1st Dept 2019]). The court based the husband's child support obligation on his 2015 tax return, but then imputed the additional $98,000 based on evidence that the husband took home approximately that amount in cash in 2014. However, the husband testified that he reported his cash earnings, as reflected on his tax return, and there is no evidence to contradict this. Accordingly, we find that the husband's income for CSSA purposes is $141,526. In view of the children's reported expenses and comfortable living standard during [*2]the marriage, we find it appropriate to calculate child support on total combined parental income of $295,009, resulting in the husband contributing $2,950 in monthly basic child support.
We remand the matter for recalculation of the husband's child support arrears in accordance with our determination. Any outstanding child support arrears should be paid as directed by the court's decision dated December 19, 2019, at a rate of $1,500 per month, and not offset against his distributive share of the marital condo as set forth in the judgment (see Ning-Yen Yao v Kao-Yao, 147 AD3d 624, 631 [1st Dept 2017]). The court ordered the parties to equally share the family's COBRA payments. At trial, the wife testified that the payments were approximately $2,200 per month, and she stopped contributing in March 2016. This testimony was consistent with the payment summary provided by the husband, asserting that she owed $14,941.04 for payments made in 2015 and 2016. The wife did not directly dispute this amount. Accordingly, we find that there was sufficient evidence to credit the husband $14,941.04.
The court providently exercised its discretion in awarding the wife $125,000 in counsel fees. While we agree with the husband that the billing summary submitted to support the wife's counsel fee application was inadequate, given the Referee's findings as to the husband and his counsel's disruption of the proceedings, prolonging of the proceedings, and overall obstreperous behavior, we decline to reduce the fee award (see Johnson v Chapin, 12 NY3d 461, 467 [2009]; Schorr v Schorr, 154 AD3d 621, 623 [1st Dept 2017]).
We see no reason to disturb the court's allocation of 43% of the collateral mortgage on the marital apartment to the wife, which was used to secure a line of credit for the husband's business. The wife's financial contributions were explicitly factored into awarding her 43% of the value of the business. She is not further entitled to a credit for the marital debt incurred during the marriage to start the business (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420-421 [2009]; Flom, 170 AD3d at 442).
The wife is not entitled to a credit for cash the husband took home from the business because there is insufficient evidence that these funds were wastefully dissipated (see Raynor v Raynor, 68 AD3d 835, 838 [2d Dept 2009]). The record indicates that this cash income was largely reported on the husband's tax returns and used for marital expenses.
To the extent the husband seeks to challenge the court's adoption of the wife's expert's valuation of his business by arguing that it was error to strike the neutral expert's trial testimony, this issue is not properly before us since the husband failed to appeal from the order denying his motion to unstrike. Based on the record before us, we find no reason to disturb the valuation of the husband's business at $691,000 for the purposes of equitable distribution (see Peritore v Peritore, 66 AD3d 750, [*3]752 [2d Dept
2009]).
The wife's request that we impose a five-day deadline on the payment of the children's add-on expenses by the nonpayor parent is not properly before this Court.
We have considered the remaining contentions and find them unavailing 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 20, 2023