Matter of Binnmyr v Binnmyr (2024 NY Slip Op 02007)

Matter of Binnmyr v Binnmyr

2024 NY Slip Op 02007

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 302971/16 Appeal No. 1331-1331A Case No. 2022-04702 

[*1]In the Matter of Natalia Binnmyr, Appellant,
v
(Thord) Andres Binnmyr, Respondent.

Natalia Binnmyr, appellant pro se.
Krauss Shaknes Tallentire & Messeri LLP, New York (Heidi Tallentire of counsel), for respondent.

Orders, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about September 28, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's motion to confirm the Special Referee's report, dated May 23, 2022, denied defendant's motion to reject the report, and directed the sale of the parties' apartment and that the sale follow a specific protocol, unanimously affirmed, without costs.
Under the circumstances of this case, the court providently exercised its discretion in directing the sale of the New York City apartment with the parties to share equally in any net proceeds and a credit given to the husband for any payments of the carrying costs he has made since May 2022 (see Domestic Relations Law § 236[B][5][c], [d]; McKnight v McKnight, 18 AD3d 288, 289 [1st Dept 2005]). The determination as to equitable distribution was made after a trial where the Referee was able to assess the credibility of the witnesses and their proffered evidence over the course of 18 days. These findings are entitled to great weight on appeal and there is no basis to set aside these credibility determinations (see Winter v Winter, 50 AD3d 431, 431-432 [1st Dept 2008]).
Regarding the New York City apartment, there was no dispute that it was originally purchased as an investment property and that defendant wife moved there while the children were attending school in Manhattan. In the nine years that the wife has lived in New York, she never obtained employment or established any other connection to the city besides the subject apartment. While the wife's desire to remain in her current apartment is understandable, her claim that its sale would render her homeless is without basis. During the trial, the husband entered into evidence an investment bank statement solely in the wife's name, indicating at that time, a balance of approximately $560,000. When questioned, the wife declined to admit or deny having over a million dollars in liquid assets. Moreover, the Referee recommended, and the motion court confirmed an equal split of any net proceeds from the sale of the property.
We further find that the motion court providently exercised its discretion in directing the wife to pay the carrying costs for the apartment pending the sale. This matrimonial matter has been pending for seven and a half years, during which time plaintiff husband has been responsible for all taxes and fees associated with the property. In the meantime, the wife never progressed to securing even a part-time job.
Under the circumstances, it was proper to require her to assume the financial responsibilities for the property while the parties look for a buyer.
We have reviewed the wife's remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein on December 28, 2023 (222 AD3d 573 [1st Dept 2023]) is hereby recalled and vacated (see M-976 decided simultaneously herewith).
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 16, 2024